[No. 7,763. In Bank.—November 26, 1884.]

## MARY F. DUNNE ET AL., RESPONDENTS, *v.* JAMES F. DUNNE, APPELLANT.

ESTATES OF DECEASED PERSONS—LEGACIES CHARGED UPON LAND DEVISED— LIABILITY OF DEVISEE.—Where a devisee of lands charged by the will with the payment of certain legacies, accepts the devise, he thereby assumes the burden imposed by the testator, and becomes personally liable to the payment of the legacies.

ID.—ACCEPTANCE OF DEVISE—INTEREST.—Land was devised, subject to a charge for the payment of ten thousand dollars to each of two legatees, but with the proviso that the devisee might, at his option, satisfy the legacies by the payment of ten thousand dollars to each legatee, or by conveying to each a tract of land of the value of ten thousand dollars, or by investing these sums for the legatees in lands of equal value. The devisee received the rents of the lands for a series of years. The estate was never finally distributed by the probate court. *Held*, (1) That the devisee exercised his option by an acceptance of the devise and receipt of the rents, and that he was liable to the legatees for the money bequeathed to them. (2) That under the circumstances of the case, the devisee was liable for simple interest only upon the amount of the legacies.

APPEAL from a judgment of the Superior Court of the county of Santa Clara, and from an order refusing a new trial.

The plaintiffs, Mary F. Dunne and Bridget C. Dunne, were legatees under the will of their father, James Dunne, deceased. The defendant was a devisee of lands of the testator, which were charged by the will with the payment of the legacies. The plaintiffs asked for and obtained a decree, adjudging that the defendant is personally liable to the plaintiffs for the amount of their several legacies, with interest thereon compounded annually from the day of the death of the testator, and declaring the amounts due to be a lien upon the estate devised to the plaintiff. The other facts sufficiently appear in the opinion of Mr. Justice Ross, in department one.

*Wm. Matthews*, and *M. Mullany*, for Appellant.

*McKisick & Rankin*, and *McAllister & Bergin*, for Respondents.

The COURT.—This appeal was heard in department one of this court, and an opinion filed therein July 25, 1884. Subsequently, a hearing by the court in Bank was granted. Such hearing has been had. We are satisfied with the judgment given in department, and with the reasons therefor. The judgment of the court below is therefore affirmed, except as to interest. The cause is remanded, with instructions to modify the judgment by computing interest in accordance with the opinion of the department.

The following is the opinion of department one:

Ross, J.—The provision of the will of the deceased, James Dunne, charging the legacies to the plaintiffs upon the estate devised to the defendant, is unequivocal.  It reads :

" *Idem.*    I give and bequeath out of the estate by me given to my son, James Francis Dunne, and as a charge thereon, ten thousand dollars ($10,000) in gold, to each of my daughters, Mary Felita Dunne and Bridget Caty Dunne, with the privilege, however, to my said son James Francis to satisfy said legacies by conveying to each of my said daughters a tract of land of the value of ten thousand dollars ($10,000) in gold, or, at his option, to invest the said sums for my said daughters in tracts of land of the said value."

The testator died on the eighth day of June, 1874.  His will was duly admitted to probate on the first day of August of the same year.  At the time of the death of James Dunne, the defendant was a minor, but he attained his majority on the fourth day of July, 1875.  He then accepted the devise to him.  Such is the effect of the findings of the court below, and the evidence is sufficient to sustain them.  It shows beyond controversy that, with knowledge of the will and its provisions, he received as devisee the rents of the devised property, and this from the date of his majority.  In taking the benefit conferred, he assumed the burden imposed by the testator, and thereby became personally liable to pay the legacies.  This obligation he was, however, authorized by the will to discharge, by conveying to each of the legatees named a tract of land of the value of $10,000 in gold, or by investing thât sum for each of them in lands of that value. His election in that behalf he was bound to make within a reasonable time.

It is contended by counsel for appellant that the time for his election had not arrived when this action was commenced, nor has it yet arrived, because of the fact that there has been no distribution of the estate of the deceased, James Dunne ; that until distribution is made, defendant cannot know what he will receive.    It is undoubtedly the general rule, that a party is not bound to make an election until all the circumstances are known, and the state, condition, and value of the property is ascertained.    But this rule, like all other general rules, should be applied only when it is reasonable to apply it, and when its

application will promote, not defeat, justice. The property devised to the defendant, and upon which the legacies in favor of the plaintiffs were made a charge, consisted of real estate of great value—it being an admitted fact in the case, that the property of which the deceased died the owner was of the value of $500,000, about four-fifths of which he devised to the defendant. It is further an admitted fact, that after the payment of all the debts of the deceased, and after the payment of all of the expenses of administering the estate, and all charges thereon, there will remain property of the estate of at least $100,000 in value. There is a provision of the statutes of this State relating to the estates of deceased persons, to the effect that unless it satisfactorily appear to the court that the rents, issues, and profits of the real estate for a longer period are necessary to be received by the executor or administrator, wherewith to pay the debts of the decedent, or that it will probably be necessary to sell the real estate for the payment of such debts, the court, at the end of the time limited for the presentation of claims against the estate, must direct the executor or administrator to deliver possession of all the real estate to the heirs at law or devisees. In this case there was, at the time of the death of James Dunne, and during the times spoken of in the record, an existing lease upon the property devised, and on which the legacies were charged; but defendant, from the time of attaining his majority, in 1875, received the rents of the property, which aggregated some $22,000 to the time of the commencement of this action. Under such circumstances it would be unreasonable and unjust to hold that he was not bound to elect how he would discharge the legacies imposed upon the property, until a decree of distribution should be entered in the matter of the estate. For years he enjoyed the fruits of the devised property, which he accepted with full knowledge of the conditions accompanying the devise. When he accepted the devise, it became his duty to exercise within a reasonable time the option conferred upon him by the will. Having failed to do so, the court below, in our opinion, rightly held him liable to pay the legacies in money.

But in one particular we think there was error in the court below. Looking at the whole case—considering the condition

of the estate of the deceased Dunne, the claims against it, and the action of the defendant with respect thereto—we are of opinion that he should not have been charged with compound interest upon the legacies, but only with simple interest thereon at the rate fixed by the court. In this respect the judgment must be modified. We find no other error in it.

Cause remanded, with directions to the court below to modify the judgment in accordance with the views here expressed.