[L. A. No. 2168. In Bank.—January 4, 1909.]

## ALEXANDER S. KEIR, Appellant, v. ALEXANDER KEIR, Respondent.

WILL—ACCEPTANCE OF DEVISE SUBJECT TO CHARGE—LIABILITY FOR PAYMENT—LIEN ON PROPERTY DEVISED.—The acceptance by a devisee of property given to him by the will, charged with a payment therefrom of a certain sum of money to a third person, imposes upon the devisee a personal liability for the payment as directed by the will. As soon as the liability accrued, if it was not performed within a reasonable time, the beneficiary became entitled to bring an action to recover the money of the devisee, and to have his claim declared a lien on the property devised.

ID.—CHARGE IMPOSED ON REMAINDER INTEREST—ACCRUAL OF OBLIGATION OF PAYMENT.—Where a will leaves all the property of the testator to his wife, "in trust for his heirs," and provides that the

rents and issues thereof shall be used for her support during her lifetime, and upon her death should go to his children in certain designated shares, one of which was charged with the payment therefrom of a certain sum to a grandson, the liability of the remainderman to make such payment did not mature until the expiration of the life estate by the death of the wife, and the statute of limitations did not commence to run in his favor until that time.

ID.—ACCELERATION OF LIABILITY—ACQUISITION OF LIFE ESTATE.—The liability of such remainderman to make payment of the charge was not accelerated by his acquisition of the intervening life estate.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Charles L. Allison, and F. B. Daley, for Appellant.

R. E. Bledsoe, for Respondent.

SHAW, J.—This was an action against the defendant to recover the sum of eleven hundred dollars and to have the same adjudged a lien upon certain real estate and to foreclose the said lien.

The question presented is whether or not the action is barred by the statute of limitations. The defendant was the son and the plaintiff the grandson of Alexander Keir, Sr., who died on March 31, 1897. Plaintiff was a nephew of the defendant. On September 29, 1892, Alexander Keir, Sr., executed a will making certain dispositions of his property, from which this action arose. The fourth clause of the will is as follows: "I bequeath to my said wife, Marian, in trust for my heirs, all my real and personal property; the rents and issues therefrom to be used for the support of my said wife during her lifetime, on condition, however, that she receive the same in lieu of her dower or other claims upon my estate." The testator left one son and four daughters as his heirs, besides the plaintiff, who was his grandson. The provision for the defendant, Alexander Keir, Jr., was as follows:—

"Fifth. I bequeath and devise, upon the death of my wife Marian, all my real and personal property to my children as follows:

CLV Cal.—7

"Sixth. I give to my son, Alexander Keir, Jr., all that certain real property known and designated (describing three lots containing thirty-six acres), together with all improvements, stock, farming implements and other personal property thereon, not hereinbefore disposed of; also all that other certain real property" (describing a certain parcel of land).

To each of his daughters he gave an estate in remainder after the death of his wife, in certain other tracts of land. The only provision for his grandson, the plaintiff herein, was as follows:

"Twelfth. I further direct that my son, Alexander Keir, Jr., pay to my grandson, Alexander S. Keir, the sum of eleven hundred ($1100.00) dollars gold coin out of the property hereinbefore bequeathed to my son, Alexander Keir, Jr. If my son, Alexander Keir, Jr., fails, refuses or neglects to pay my grandson, Alexander S. Keir, the sum herein named, viz.: eleven hundred ($1100.00) dollars, then I hereby direct and empower my heirs at law to pay Alexander S. Keir, my grandson, the sum of eleven hundred ($1100.00) dollars and to deduct the amount from that portion of my estate herein bequeathed and devised to my son, Alexander Keir, Jr."

The will was duly admitted to probate on April 26, 1897, and on April 2, 1898, the estate was distributed in accordance with the will to the five children, subject to the provision in favor of the plaintiff herein, as provided in the will. On March 27, 1904, Marian Keir, wife of the said testator, departed this life. This action was begun on April 21, 1905. It will be observed from the dates above given that if the plaintiff's cause of action accrued at the time of the death of the testator, when the estate in remainder devised to Alexander Keir, Jr., vested in him, or if it accrued at the expiration of one year after the testator's death, as provided in section 1368 of the Civil Code, in either event the action would be barred by the statute of limitations. If, however, it did not accrue until the defendant came into possession of his estate in remainder, upon the death of the life tenant, Marian Keir, on March 27, 1904, then the action was brought within the time and is not barred. The plaintiff claims that even if the action accrued at the death of the testator, nevertheless the defendant received the property in trust for the payment of the plaintiff upon a voluntary trust, against the enforcement

of which the statute does not begin to run until there is a repudiation thereof. In view of the conclusion which we have reached as to the time when the action accrued, we do not think it necessary to determine whether the trust imposed upon the defendant was a voluntary express trust which he must repudiate in order to start the statute of limitations, or a constructive trust, against which the statute began to run immediately upon the death of the testator. The acceptance of the property given to him by the will, charged with the payment provided for the plaintiff, imposed upon the defendant a personal liability to the plaintiff for the payment of the money as directed by the will. As soon as the liability accrued, if it was not performed within a reasonable time, the plaintiff was entitled to begin an action to recover the money of the defendant, and to have the claim declared a lien upon the property given to the defendant by the will. (*Dunne* v. *Dunne,* 66 Cal. 157, [4 Pac. 441, 1152].) The important question therefore is, at what time did the defendant become liable for the payment of the money as a present matured obligation? This question must be determined upon a consideration of the intention of the testator. Considering all the provisions of the will, at what time did the testator intend that the plaintiff should receive the eleven hundred dollars directed to be paid to him by the defendant? We think the most reasonable interpretation of the provisions of the will is that this payment was to be made upon the death of his wife, the time when the estate in remainder devised to the defendant became an estate in possession. Prior to that period the defendant could receive no benefit whatever from the property given to him by the will. He would, it is true, be vested with an estate in remainder, but the rents, profits, use, and enjoyment thereof would not accrue to him until the death of the life tenant. The language of the will in this regard is somewhat peculiar. It does not in terms give to his wife, Marian, a bare life estate in the property. The language is, "I bequeath to my said wife Marian, in trust for my heirs, all my real and personal property." He further provides that the rents and issues thereof shall be used for her support during her lifetime. A subsequent provision is, "I bequeath and devise, upon the death of my wife, Marian, all my real and personal property to my children as follows." The technical effect of these

provisions is that during the lifetime of the wife the title to the land was vested in the wife in trust. The provision purporting to give the remainder to the children does not purport to vest a present remainder, but declares that upon the "death of my wife Marian" all the real and personal property shall go to the children. The provision in favor of the plaintiff was in the form of a direction that his son should pay to the plaintiff eleven hundred dollars "out of the property" bequeathed to the son. The language of the provision for the vesting of the estates in remainder shows that in the contemplation of the testator his children would receive no estate or title until the death of the wife. The provision in favor of the plaintiff shows that he required the plaintiff's portion to be paid out of the property given to his son. It is not reasonable to believe that the testator would require his son to pay to the plaintiff the sum of eleven hundred dollars out of the property at a time when he had received no beneficial interest therein, and was not yet entitled to possession thereof. The reasonable conclusion is that the payment to Alexander S. Keir, the plaintiff, became due upon the death of the wife. At that time the defendant became vested with the actual possession of the property out of which, that is to say, a part of which, he was to pay to the plaintiff. In this view of the case the obligation did not mature until the death of the wife, somewhat more than one year before the action was begun, and the bar of the statute of limitations did not apply. The court below was of the opinion that the action was barred, and gave judgment in favor of the defendant. For the reasons above given we think this conclusion was erroneous.

Immediately after the decree of distribution was made, the widow conveyed to the defendant herein her life estate in the real property given to him in remainder by the will. The court found that the defendant thereupon entered upon, and has ever since held, the possession of said real property. It seems to have been supposed that this transaction in some manner hastened the maturity of the obligation of the defendant to plaintiff and caused it to become then immediately due. Manifestly this could not be so. It did not accelerate, as it is expressed, the estate in remainder, so as to make it vest at once in possession. (16 Cyc. 651.) It is true that in law there was,

technically, a merger of the two estates and the son became seized of the estate in fee, the life estate being considered as extinguished for that purpose. But in equity a merger is allowed or denied as will best subserve the purposes of justice and the actual and just intent of the parties. (16 Cyc. 665; *Jameson* v. *Hayward,* 106 Cal. 688, [46 Am. St. Rep. 268, 39 Pac. 1078].) If the plaintiff had then demanded payment, the defendant could well have answered that in the absence of any expression of intention to the contrary in the will or elsewhere, his interest would be best subserved by refusing to allow a merger for the purpose of declaring the money then due and payable. (*Jameson* v. *Hayward,* 106 Cal. 688, [46 Am. St. Rep. 268, 39 Pac. 1078].) The obligation to the plaintiff, as we have said, arose from the provisions of the will, which became final by the probate and decree of distribution. The consideration for the obligation was the estate given to the son by the will "out of which" he was required to pay the grandson, and it was the actual receipt of that estate by the son which was to enable him to make the payment. This was the event upon which it was to become due. These were rights of the parties as fixed by the decree of distribution. The subsequent acquisition by the son of the life estate of the widow, whether by purchase for value or by gift from her, was a matter of adventitious origin, wholly collateral to the obligation, and formed no part of its consideration. Hence, it could not operate to increase the burden of the son or enlarge the rights of the grandson.

The appeals are taken by plaintiff both from the judgment and from an order denying a motion for a new trial.

The judgment and order are reversed.

Angellotti, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.