No. 9425.

ENDERMAN *v.* ALEXANDER.

1. STATUTES—*Construction.* Provisions contained in a statute relating to civil actions will not be construed to extend to criminal prosecution.

2. COSTS—*In Criminal Prosecutions—Exemptions.* Sec. 3628 of the Revised Statutes relates solely to costs accrued in civil actions.

*Error to La Plata District Court, Hon. W. N. Searcy, Judge.*

*En Banc.*

Messrs. PERKINS & PERKINS, for plaintiff in error.

Mr. GEORGE W. LANE, Mr. JOHN B. O'ROURKE and Messrs. RUSSEL & REESE, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

THIS was an action by plaintiff in error against defendant in error under sec. 3634, Rev. Stat. 1908, for damages in the sum of $705.00 for sale, under execution, of certain of plaintiff's property claimed by him as exempt. The amount prayed for is three times the value of the property so sold. The execution in question was issued on a judgment against plaintiff, and in favor of the people, for the costs of a certain prosecution in which plaintiff was convicted of burglary. The judgment in the instant case was entered on the pleadings, on defendant's motion. Allegations which, under the motion must be taken as true, bring

plaintiff, and the property in question, within the terms of sec. 3628, Rev. Stat. 1908 (if applicable) which exempts from "sale upon any execution" * * * "working animals to the value of two hundred dollars" * * * "owned by any person being the head of a family and residing with the same" * * * and "the tools and implements * * * used and kept for the purpose of carrying on his trade or business, not exceeding two hundred dollars in value."

Burke, J., after stating the facts as above.

The sole question for our consideration is "Does said sec. 3628, have any application to an execution issued in favor of the people to satisfy a judgment of fine or costs in a criminal case?"

Our statute governing executions in criminal cases provides: "The property, real and personal, of every person who shall be convicted of any of the offenses punished by this chapter shall be bound, and a lien is hereby created on the property, * * * so far as will be sufficient to pay the fine and costs of prosecution * * * which property so levied upon shall be advertised as in civil cases and sold for what it will bring. It shall be no objection to the selling of any property under such execution that the body is in custody for such fine and costs." Sec. 2009, Rev. Stat. 1908.

We are of the opinion that sec. 3628, Rev. Stat. 1908, exempting certain property from sale under execution, relates solely to civil actions; and that, under the provisions of sec. 2009, Rev. Stat. 1908, relating to executions in criminal cases, all the property of one convicted is liable to seizure thereunder. This conclusion seems to us correct for two reasons.

First. Both these sections have come down to us practically unchanged from the time of their first adoption in 1861. Section 3628 appears first as part of an Act concerning judgments and executions, Laws of 1861, p. 264; next as a part of chap. 48, Rev. Stat. 1868; next as a part of chap. 53, Gen. Laws of 1877; next as a part of chap. 60,

Gen. Stat. 1883; next as a part of chap. 76, Rev. Stat. 1908. The title of each of said chapters is "Judgments and Executions" and no part of any one of them, and no part of said Act of 1861 refers expressly to criminal law.

Section 2009 appears first as part of "An Act concerning Criminal Jurisprudence", Laws of 1861, p. 290; next as a part of chap. 22, Rev. Stat. 1868, entitled "Criminal Code"; next as a part of chap. 24, Gen. Laws 1877, entitled "Criminal Code"; next as a part of chap. 25, Gen. Stat. 1883, entitled "Criminal Code"; next as a part of chap. 35, Rev. Stat. 1908, entitled "Crimes"; and no part of any one of said chapters, and no part of said Act of 1861 refers expressly to civil actions.

Statutory provisions contained in Acts or chapters relating entirely to civil actions will not be construed to extend to criminal. *Parker v. People,* 7 Colo. App. 56, 42 Pac. 172; *Van Houton v. People,* 22 Colo. 53-55, 43 Pac. 137. "The provision relied on is found in the Civil Code, which relates alone to procedure in civil actions and by its title is confined to that kind of litigation. It can have no application in criminal cases." *Klink v. People,* 16 Colo. 467-469, 27 Pac. 1062.

In the case of *Saunders v. People,* 63 Colo. 241, 165 Pac. 781, the application of sec. 504, Gen. Stat. 1883, to a criminal case was in question. The plaintiff in error had been convicted in a criminal case in the County Court and judgment for costs entered against her. One of the items of costs was "jury fees, mileage and per diem, $118.50." It appears that eighteen jurors had been summoned by order of court on open venire. Section 504, Gen. Stat. 1883 (which is sec. 1532, Rev. Stat. 1908), provides: "In any action pending before the County Court, either party may have a jury summoned to try the same, by advancing fees for the payment of such jurors, and when judgment shall be rendered in favor of the party demanding a trial by jury, such party shall recover the fees paid by him for such jurors, of the adverse party, and have the amount thereof taxed as a part of the costs in the case." This

question the court disposed of by saying, "That statute applies to civil and not to criminal cases." The section so construed is a part of chap. 22, Gen. Stat. 1883, entitled "County Courts." It contains no language in any of its sections specifically relating to criminal cases. It is sec. 580, chap. 23, Gen. Laws of 1877. The title of that chapter is also "County Courts". It was approved March 22, 1877. The title there in full is "An Act to repeal all existing laws in relation to the organization, jurisdiction, powers, proceedings and practice of the County Courts of the State of Colorado, and to enact other provisions in lieu thereof." It contains no language specifically relating to criminal cases. It expressly repeals chap. 71, Rev. Stat. 1868 "and all other laws or parts of laws, enacted since the first day of January A. D., 1869, by the Legislature of the late Territory of Colorado, relating to the organization, jurisdiction, powers, proceedings or practice of Probate Courts." (Said chap. 71 was entitled "An act concerning Probate Courts" approved November 7, 1861. There is no specific language in this section nor in the chapter of which it is a part, either in the Rev. Stat. 1908, Gen. Stat. 1883, Gen. Laws 1877, or Rev. Stat. 1868, expressly confining it to civil cases.

Second. The only justification for a different application of the foregoing rule would be a reasonably clear legislative intent. Such intent is not only absent in the case before us but the contrary appears. Section 2019, Rev. Stat. 1908, provides: "The Court shall have power, in all cases of conviction under this chapter, when any fine is inflicted, to order as a part of the judgment of the court, that the offender shall be committed to jail, there to remain until such fine and costs are fully paid, or otherwise legally discharged." It was the evident purpose of this statute to provide a method of compelling one to pay fine and costs adjudged against him in a criminal case, irrespective of *any* exemptions. All doubts as to such purpose are removed by section 2012, Rev. Stat. 1908, which provides: "Whenever it shall be made satisfactorily to appear to the

District Court of any district, or to any judge thereof in vacation, after all legal means have been exhausted, that any person who is confined in jail, * * * for any fine or costs * * * hath no estate whatever wherewith to pay such fine and costs, or costs only, it shall be the duty of the said court or judge to discharge such person from further imprisonment for such fine and costs." It will be observed that one imprisoned to enforce the payment of fine and costs under section 2019, *supra,* is not to be released until, first, "all legal means have been exhausted" to collect the same; and second, until it is made satisfactorily to appear to the Judge that the person so imprisoned "hath *no estate whatever* wherewith to pay." Is it conceivable that the policy of the criminal law is first to grant to a convicted defendant the very liberal exemptions provided by section 3628, and then, under pressure of imprisonment, compel him to relinquish what the law has so generously exempted? We can not give the statutes in question such a construction.

No exemption having been provided in any Act relating expressly to criminal law, and a method having been provided in our criminal statutes to compel a defendant, by imprisonment, to subject *all* his property to the payment of a judgment for fine and costs levied against him, we are of the opinion that the exemptions contended for by plaintiff in error do not exist. The judgment is accordingly affirmed.

Garrigues, C. J. and Scott, J. dissent.