No. 10,059.                    · *See 21 Mich. L.R. 708*

BARNARD v. MOORE, ET AL.

Decided May 1, 1922. Rehearing denied June 5, 1922.

Action for interest in real estate. Judgment for defendants.

*Reversed.*

1.  REAL PROPERTY—*Power to Transfer under Will.* A testator devised to his wife a life estate in land with remainder to his children, giving the wife power "to sell said place". Held, that this gave her power to sell the fee.

2.  WORDS AND PHRASES—*"Sell the place"*, means to sell the whole title.

3.  WILLS—*Real Property—Quitclaim Deed.* A husband devised to his wife a life estate in land with power to sell. Held, that the power to convey created in her no right, title or interest

in the premises, and that a quitclaim deed granting all her right, title and interest, without reference to her authortiy to transfer the fee, conveyed her life estate and no more.

4. SHELLEY'S CASE—*Rule Discussed*.  The rule in Shelley's case held to have no application to the cause under consideration.

5. WILLS—*Property—Title*.  A testator devised to his widow a life estate in land, with power to sell, and remainder to his children "in fee simple", with the condition that if any child should die before the widow, his share should pass to his heirs.  The widow quitclaimed her interest to the children, one of whom thereafter conveyed his interest and then died. A daughter of the deceased son made a claim to his interest. Held, that the interest was a fee simple subject to a conditional limitation, which terminated with the death of the son and let in the right of the daughter, who would take by virtue of the will and not by descent; that neither the deed of the widow nor that of the father passed her right, and that she had a vested interest in the land.

6. LIFE ESTATE—*Acceleration of Remainder*.  Where a husband devised to his wife a life estate in land and remainder to his children, a conveyance of the life estate did not accelerate the remainder.

7. PLEADING—*Amendment*.  Under sections 79 and 81, code of 1908, a party after demurrer sustained to his complaint, has a right to amend without leave.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Messrs. CATLIN & BLAKE, for plaintiff in error.

Mr. ADAIR J. HOTCHKISS, Mr. MILLARD FAIRLAMB, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MOORE, by the eighth clause of his will, devised land to his wife for life, remainder to his five sons and daughter "in fee simple" with a condition that if any son or daughter should die before the widow, then "the share of such child shall pass to the heirs of such child."

Said eighth clause contained the following:

"In the event my wife shall desire to sell said place during her lifetime, the proceeds of such sale shall be at once freed from her life estate hereinbefore devised, and shall be equally divided between my five sons and Ida V. Prickett" [the daughter] "and none other."

After the testator's death the widow executed a quit claim to the six remaindermen, in which she referred to the said eighth clause, but not expressly to the power; thereafter L. Wiley Moore, one of the sons, conveyed his one-sixth interest to his brother and co-tenant, James A. Moore, by a deed of bargain and sale without warranty. L. Wiley Moore then died. The widow is still living. Plaintiff in error was plaintiff below and is daughter and sole heir of L. Wiley Moore, and claims one-sixth of the said land by virtue of said will. A demurrer to her complaint was sustained. She asked to amend by alleging that the widow did not intend by the quitclaim deed to execute the power, but her request was denied, and judgment was rendered against her.

All agree that the will gave to the widow a life estate only.

The plaintiff in error claims: 1. That the power was to sell the life estate only; 2. That the power, if to sell the fee, was never exercised; 3. That the power, if to sell the fee, was to sell it only and distribute the proceeds to the remaindermen; not to convey to them; 4. That the sons and daughter by the terms of the will each took a determinable fee in remainder in one-sixth of the property, determinable on his or her death before the mother; 5. That by the will the heir of such son took 1/6 by executory devise; 6. That, therefore, neither the deed of the widow nor that of her father could or did pass the interest of the plaintiff; and so upon his death before his mother, it passed to plaintiff.

Defendant in error on the other hand claims: 1. That the power was to sell the whole estate; 2. That that power was exercised; 3. That the conveyance to the

remaindermen was a substantial and proper exercise of the power; 4. That the sons and daughter, by the rule in Shelley's case, took a vested remainder in fee simple absolute; 5. That if the widow's deed conveyed but a life estate yet by acceleration the grantees took a fee; 6. That therefore, these remaindermen owned a fee simple absolute and plaintiff having no claim but by inheritance, is cut off by her father's deed to James A. Moore.

1. It will be convenient first to consider the above sentence granting a power. The defendant in error claims that it grants power to sell the fee, and to this we agree. The intention is clear. She may sell "the place" and the common understanding of these words is to sell the whole title. The proceeds are to be "freed from her life estate." It is not reasonable to suppose that the testator meant to say that the proceeds of a sale of the life estate were to be "freed" from the life estate. How could they be otherwise? *Henderson v. Blackburn,* 104 Ill. 227, 44 Am. Rep. 780. Then, too, there was no occasion to grant power to sell the life estate.

2. A more difficult question is whether the widow, by her deed above mentioned, conveyed the fee or only her life estate. We think only her life estate. The deed, in the ordinary quit claim form, purports to convey not the land, but all her right, title and interest therein, if any. *Valle v. Clemens,* 18 Mo. 486, 489; *Gibson v. Chouteau's heirs,* 39 Mo. 536, 566; *Bruce v. Luke,* 9 Kan. 201, 12 Am. Rep. 491; *Frink et al. v. Darst,* 14 Ill. 304, 58 Am. Dec. 575; *Van Rensselaer v. Kearney,* 11 How. (U. S.) 297, 322, 13 L. Ed. 703. A power to convey creates, in the donee thereof, no right, title or interest in the premises to be conveyed. *Russell v. Russell,* 36 N. Y. 581, 21 R. C. L. 772-3, 93 Am. Dec. 540. Her only right, title or interest, then, was an estate for life; therefore she conveyed nothing more, unless, elsewhere in the deed, it appears that she intended to exercise the power.

After the description and before the habendum is the following:

"The intention being to grant, bargain, sell and convey to the parties of the second part all right, title and interest of the party of the first part in and to the above described premises by virtue of the last will and testament of Thomas M. Moore, deceased, more particularly the eighth paragraph thereof."

If this shows an intention to execute the power the fee passed.

A reference to the power is usually considered a sufficient indication of intent to use it, but it should be noticed that the grantor does not refer in plain terms to the power granted by the will but only to the eighth paragraph and to all her "right, title and interest * * * in and to the above described premises."

It seems that a deed containing no reference to the power will not be regarded as an exercise thereof, unless otherwise there would be nothing for the conveyance to operate on. *Mutual Life Ins. Co. v. Shipman*, 119 N. Y. 324, 24 N. E. 177; *Towle v. Ewing*, 23 Wis. 336, 99 Am. Dec. 179; Sugden on Powers (3rd Am. Ed.) 477; 4 Kent Com. 371. See *Bradly v. Westcott*, 13 Ves. Jr. 445.

There are cases which go to the length of holding that a clause much like that above quoted is a reference to the power sufficient to indicate intent to exercise it, (*Goff v. Pensenhafer*, 190 Ill. 200, 60 N. E. 110) ; but we cannot so construe this clause. The grantor, on the contrary, indicates an intent not to use the power, because, carefully using apt words to convey her interest only, she as carefully refrains from mentioning either any other interest or the power. It is, to say the least, an unusual method of expression for her to say that she intends to grant, bargain, sell and convey her right, title and interest when she means to exercise a power to convey rights, titles and interests of others. The obvious and natural thing to do, if Mrs. Moore intended to exercise the power was to say so, and, to convey the fee, the least she could do was to make a deed, as Wiley did, not limited in terms to the interest she had. Our conclusion on this point is that

the widow conveyed her life estate and no more.

3. That conclusion makes it unnecessary to consider whether a conveyance to the remaindermen by virtue of the power would have been a proper exercise thereof.

4. Did the sons and daughter, under the rule in Shelley's case, take a fee simple absolute? We think not. We shall assume, without deciding, that the rule in Shelley's case is in force in Colorado, i. e., If a freehold estate be limited to A, remainder to his heirs, he takes a fee simple and so can convey the whole estate free from claims by his heirs. Do the facts bring this case within that rule? No. It is the use of the word "heirs" that brings the rule in Shelley's case into action. The word may be used as a word of limitation, as in ordinary deeds, or as a word of purchase. 2 Und. on Law of Wills, §§ 602, 608; 40 Cyc. 1398.

If it is regarded as a word of limitation the heir takes by inheritance; if as a word of designation or *descriptio personæ,* he takes by purchase, i. e., by force of the will.

We are unable to reconcile the cases or to construct a workable rule from them. On the one hand it is said that the rule is one of property and not of construction. It follows that the intention of the testator is immaterial and many cases so hold. On the other hand it is said that if the context shows that the word heirs was used as a word of purchase, the rule does not take effect. "Used as a word of purchase" means used with that intent and means nothing else. It follows that the intention of the testator in the use of the word is material. How he used it depends on his intention. It follows then that his intention is conclusive. With the intent the case goes one way, without it the other. If his intention is conclusive (of course we refer to his intention as revealed by the will) the question is wholly one of construction, and the rule as a rule of property is abrogated.

The probable explanation of this conflict is that since the real reason for the rule has disappeared with the feudal system of tenures the courts seek ways to avoid

the injustice of attaching to a deed or will an effect contrary to its expressed intent.  For that same reason we are not willing to ignore such cases as authority and revert to the unqualified doctrine that the word "heirs" with whatever intent used must import a fee simple.  If by the word "heirs" the testator meant to indicate the persons who, upon the fulfillment of the condition, should take the land, it must be said that they take by purchase, that is by force of the will, not by inheritance.  1 Tiffany Real Property, (2nd Ed.) § 152, because then it was used not in the technical sense of heirs in succession forever, but as a description of the persons to whom the interest should pass.  Kales Fut. Int., § 422.

A fee simple having already been given to Wylie in terms, there could be no occasion or possibility for the operation of the rule if no further provision were made. The rule comes into operation, then, by virtue of the express condition of Wylie's death before his mother.  The question then is, In what sense did the testator use the word "heirs" in connection with that condition?  If in the technical sense it was a superfluity since Wylie's interest upon his death would descend to his heirs anyhow, and so the fulfillment of the condition would produce no effect; but if as a *descriptio personæ* the condition becomes intelligible.  We see a purpose in it.

The intention of the testator, it seems to us, was to direct by his will that the heir should take and that the children's estate was not absolute.  He did not give his children an estate for life with remainder to heirs.  He gave each of them a remainder in fee simple which should be absolute if the child survived the mother, but if not, "the share of such child" should "pass to the heirs of such child."  It is a definite expression of a determinable estate. On the expressed condition that the son dies before his mother this remainder goes to his heir.  It must be by force of the will, else why say it?  The testator's idea is that at the death of his widow the land will go from her to his son; it will then be his, not before.  But what if he

dies first? "I wish it to go to his heirs and I will so provide." His idea is that he is controlling the matter and that the land goes *from the widow* at her death. He was substituting the heirs for the remainderman, and so limiting their interest upon the life estate of the widow and not upon that of the remainderman. The rule in Shelley's case can have no application.

The interest acquired by Wylie would seem to be of the class called by Prof. Kales "a fee simple subject to a conditional limitation" distinguished from a determinable fee. (§ 301, quoting Professor Gray) in that the condition upon which it determined was in the nature of a condition subsequent and not a limitation on the original estate. See *Burlington & Colo. R. Co. v. Colo. E. R. R. Co.*, 38 Colo. 95, 100, 88 Pac. 154. Mr. Tiffany seems to be of the same opinion. 1 Tiffany R. P. (2nd Ed.) § 163. It is not important which it was, however, because in either case it terminated with the death of Wylie and let in the plaintiff's right.

Such interests are familiar in this state (*Cowell v. Colorado Springs Co.*, 3 Colo. 82, affirmed 100 U. S. 55, 25 L. Ed. 547; *Brown v. State*, 5 Colo. 496; *Burlington & Colo. R. R. Co. v. Colo. E. R. R. Co., supra; El Paso County v. Colo. Springs*, 66 Colo. 111, 180 Pac. 301) and are frequently called determinable fees. Kales § 301.

The plaintiff's interest is of the class called by Mr. Kales "shifting future interests" because it defeats prematurely a preceding interest expressly created. Kales Fut. Int., §§ 26 and 442. Such an interest when created by will is called an executory devise and is valid. Ib. §§ 442, 467 and 472. 1 Tiff. R. P. (2nd Ed.) § 157. It is regarded as a new estate created by the fulfillment of the condition which defeats the previous estate.

5. Did the conveyance of the life estate by the widow to the children make their title a fee simple absolute under the doctrine of acceleration? We think not.

If we are right in our conclusions that the plaintiff takes by virtue of the will and not by descent, no accel-

eration can cut her off. It has been held, moreover, that a conveyance of the life estate will not accelerate the remainder. *Keir v. Keir,* 155 Cal. 96, 99 Pac. 487; *Cummings v. Hamilton,* 220 Ill. 480, 77 N. E. 264.

6. It follows that neither of the deeds before us passed plaintiff's right and that she now has a vested interest in the land.

7. The defendant in error insists that the interest claimed by the plaintiff is a remainder limited upon a fee and therefore void. It is elementary that a remainder may not be limited on a fee simple, but an executory devise may. *Siegwald v. Siegwald,* 37 Ill. 430; Bouv. L. D. Tit. Ex. Dev.; 2 Alex. on Wills, 1472-3. If however, we are right in what we have said above, plaintiff's estate is not limited on her father's remainder but is a new estate created by the fulfilled condition.

8. Something is said about the repugnance of the plaintiff's interest to the remainder in fee devised to her father. There is no repugnancy, and there is no objection since the statute of uses. 1 Tiffany R. P. §§ 157, 167, p. 574.

9. The power to convey the fee did not have the effect of giving the fee to the life tenant. 1 Tiff. R. P. 80; *Mulberry v. Mulberry,* 50 Ill. 67.

10. The plaintiff asked to amend her complaint by alleging that the widow did not intend, by her deed, to convey more than her life estate. We are of the opinion that under the Code, §§ 79 and 81, the plaintiff, after demurrer sustained, had a right to amend without leave, but we do not now see that such an amendment as she asked leave to make would have enabled her to prove anything that she might not prove under the pleadings as they stand.

Reversed and remanded.

MR. CHIEF JUSTICE SCOTT not participating.