[Civ. No. 11856.   First Dist., Div. Two.   Oct. 7, 1941.]

GEORGE  W.  WOODLEY, Appellant, v.  THOMAS  F. WOODLEY, Respondent.

Henry J. Soldati and Lewis H. Cromwell for Appellant.

Vincent W. Hallinan and Carey Van Fleet for Respondent.

NOURSE, P. J.—The plaintiff commenced this action in the Superior Court of Marin County alleging that the defendant was the owner of certain real property situated in that county subject to a lien in favor of plaintiff for the payment of a monthly charge to plaintiff under the terms of a decree of distribution made in the Probate Court of the County of Sonoma, approving a devise under the will of the father of the two parties. The defendant filed a general demurrer and a special attack upon the jurisdiction of the subject matter. The demurrer was sustained without leave to amend, and without indication of the grounds upon which the final judgment for defendant was entered.

On this appeal the parties assume that the real point of decision was the want of jurisdiction of the subject matter because of the provisions of section 1120 of the Probate Code, which reserves to the superior court of the county in which a will has been probated jurisdiction to administer a trust created by the will. This is the only question argued by respondent. He makes no attempt to sustain the judgment on the ground that the complaint fails to state a cause of action.

The complaint pleads that George Woodley died testate in Sonoma County, that his will was duly probated therein; that, by the terms of the will, incorporated in the decree of distribution, the real property in Marin County was devised to respondent "upon the express condition that, from the rents thereof, there shall be paid to my said son, George W. Woodley, the sum of fifty dollars ($50.00) per month (payable monthly from the date of my death) so long as he shall live, which said sum of fifty dollars ($50.00) per month shall

constitute a lien upon said land so long as my said son, George W. Woodley, shall live." It pleads that the will further provided, after a declaration that the testator made no further provision for appellant, that "it is my purpose, by this instrument, to make and secure a permanent fund for the care and maintenance of my said son, George W. Woodley, during his lifetime"; that the decree of distribution was entered May 31, 1924, and respondent became the owner of the realty, subject to the lien; that since the month of August, 1939, respondent has refused to pay any sum of money to the appellant, and the sum of one hundred and fifty dollars was due when the complaint was filed. In addition to the prayer for payment, the complaint asked that a lien be imposed, a sale of a portion of the realty if necessary, provision for future payments, and general relief.

The sufficiency of the complaint is not open to argument. The general rule is that, where an annuity is made a lien upon land the annuitant may enforce payment by foreclosure. The rule is well stated in 2 Am. Jur. 833 as follows: "In the event of the nonpayment of an annuity, the old common-law writ of annuity, now obsolete, was a remedy resorted to by an annuitant to obtain redress. At the present day, however, the remedy for nonpayment is, in general, by a personal action of debt or covenant on the instrument creating the annuity (or in jurisdictions in which the old forms of action are abolished, a civil action upon the same theory), or by bill against the trustee to compel an account. An annuity which is a charge on land in the form of a rent charge is enforceable by distress or an assize, if these remedies are still available in the particular jurisdiction involved, or a court of equity may appoint a receiver to collect the rents from such real estate and apply them to the satisfaction of a decree in favor of the annuitant; or the person having the right to the arrears is entitled in equity to have them raised by sale or mortgage of the estate; and the court will decree accordingly, even though the person claiming relief is entitled to the legal remedies of distress and perception of rents."

But respondent argues that essential features of an annuity are lacking. This may be so, but it does not follow that appellant has no cause of action. If the complaint prays for relief to which the appellant is not entitled, or

fails to seek the proper relief, it is nevertheless a good bill if it pleads facts sufficient to show that the pleader is entitled to some equitable relief. It is therefore good against the general demurrer. (*Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186 [190 Pac. 797]; *Zellner* v. *Wassman*, 184 Cal. 80 [193 Pac. 84]; *Bank of America* v. *Gillett*, 36 Cal. App. (2d) 453 [97 Pac. (2d) 875].)

The argument in the briefs is devoted to the point of want of jurisdiction of the subject matter because of section 1120 of the Probate Code. The code section reserves to the superior court of the county in which the probate proceedings were had jurisdiction ''for the purpose of determining to whom the property shall pass . . . or settling the accounts and passing upon the acts of the trustee. . . . '' But this is only in those cases in which ''a trust (is) created by a will.'' If the will here created a trust and this action were one to pass ''upon the acts of the trustee,'' there would be some merit in respondent's contention. If no trust has been created the proper county for the trial is the county in which the real property is situated. (Constitution, art. VI, section 5; section 392, Code of Civil Procedure.) But we are satisfied that there is no trust involved, but that the rights of the parties rest upon an ''equitable charge.'' The distinction between these relations is clearly drawn in Scott on Trusts, vol. 1, section 10, as follows: ''If a testator devises or bequeaths property subject to the payment of certain sums of money to third persons, he thereby creates an equitable charge, not a trust. An equitable charge is like a trust in that in each case the legal title to property is vested in one person and an equitable interest in the property is given to another. The interest which the equitable encumbrancer has, however, is different from the interest of a beneficiary of a trust. The equitable encumbrancer has only a security interest in the property; the beneficiary of a trust is, to the extent of his beneficial interest, the equitable owner of the trust property. If a devisee subject to an equitable charge fails to pay the equitable encumbrancer the sum to which he is entitled, the latter's remedy is a suit in equity to obtain a decree for the sale of the land to pay the charge; if a trustee fails to perform his duties under the trust, the remedy of the beneficiary is a suit in equity to compel specific performance or redress of the breach of trust.''

The author further illustrates the distinction between these relations as follows: "If property is transferred in trust for a particular purpose and the purpose is fully accomplished without exhausting the trust property, the trustee cannot keep the trust property for his own benefit, but holds it upon a resulting trust for the settlor or his estate, unless by the terms of the trust the settlor manifests an intention that the trustee in such case should keep the property. In the case of an equitable charge, on the other hand, if the amount of the charge is paid, the person who holds subject to the charge can keep the property for his own benefit. . . .

"Where property is devised charged with the payment of money to a third person, the devisee may become personally liable to pay the amount of the charge. Whether he becomes personally liable depends upon the language of the will. If the testator manifests an intention that the devisee should become personally liable, it is held that by accepting the property devised to him he impliedly agrees to pay the amount of the charge."

Bogert on Trusts and Trustees, 1935 ed., vol. 1, p. 158, draws another distinction in this language: "Differences are also observable when one considers the element of personal liability. A charge may be upon the income alone, or upon the *corpus* alone; but, if the creator of the charge intends to place a personal liability on the taker of the property subject to the charge and the latter accepts the gift, such taker will come under a personal responsibility to pay the amount charged, either independent of the use of the thing charged as security, or in case of a deficiency after exhaustion of such security." He illustrates his meaning as follows: "It is admitted there is a strong similarity between charge and trust. If A, testator, devises his farm to B in trust for the purpose of paying from its income annually to C $1,000, the result is much like that where the testator devises the farm to B, free of trust, but subject to a charge on the income of the farm of $1,000, to be paid to C. In both cases B takes a legal interest, the fee simple, subject to an equitable property interest in the land in favor of C. In both cases C, if the income were not paid, could bring a bill in equity to enforce his rights and a decree might be made that B pay $1,000 out of the income to C."

But more closely related to the will before us is the statement in Scott, section 10.2, reading: "If a devisee subject to an equitable charge transfers the property to a purchaser with notice of the charge, the purchaser takes it subject to the charge. If the devisee dies, his devisees or heirs take subject to the charge. So also if the devisee predeceases the testator but the devise does not lapse and the property goes to his children, they take subject to the charge." It should be noted that the devise to respondent is made subject to the lien "and with the express condition that he shall not at any time sell or encumber said ranch, by deed, mortgage lien, or any other kind or character of encumbrance, or by judgment or execution sale, so long as my son, George W. Woodley, shall live." That, if he should create any other lien upon the property it should all go to Nellie Deevy, absolutely. But that the devise is made to respondent, "or, in case of his forfeiture thereof, to my said daughter, Nellie Deevy, upon the express condition that, from the rents thereof, there shall be paid to my said son, George W. Woodley, the sum of fifty dollars ($50.00) per month (payable monthly from the date of my death) so long as he shall live, which said sum of fifty dollars ($50.00) per month shall constitute a lien upon said land so long as my said son, George W. Woodley, shall live."

There is thus created an equitable charge running with the land which is expressly made a lien upon the land regardless of who may hold the legal title. In the event that respondent should forfeit his interest and the land should go to Nellie Deevy she would take subject to the lien because of the express terms of the will. But if she should transfer title the transferee, with notice, would take subject to the lien, or equitable charge, and thus the essential elements of trust are absent.

Whether respondent's liability rests upon a contractual obligation assumed by him when he accepted the property the authorities are not in accord, but there is general agreement that the appellant has an equitable, if not legal, interest which may be enforced in a court of chancery. This may rest upon the principle that: "He who takes the benefit must bear the burden." (Civil Code, section 3521.) The general principle, including the doctrine of personal liability, is approved in *Keir* v. *Keir*, 155 Cal. 96, 99 [99 Pac. 487],

where it is said: "The acceptance of the property given to him by the will, charged with the payment provided for the plaintiff, imposed upon the defendant a personal liability to the plaintiff for the payment of the money as directed by the will. As soon as the liability accrued, if it was not performed within a reasonable time, the plaintiff was entitled to begin an action to recover the money of the defendant, and to have the claim declared a lien upon the property given to the defendant by the will. (*Dunne* v. *Dunne*, 66 Cal. 157 [4 Pac. 441, 1152].)"

We conclude, therefore, that the complaint states a cause of action and that the proper county for the trial of the issues is the county of Marin.

The judgment is reversed with directions to overrule the demurrer.

Spence, J., and Dooling, J. *pro tem.*, concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 1, 1941. Carter, J., voted for a hearing.