Dall *v.* The Confidence Silver Mining Company.

---

## I. H. DALL, Respondent, *v.* THE CONFIDENCE SILVER MINING CO., Appellant.

When a proceeding for partition of realty is had in a Court of Equity, the Court will not only proceed to divide the land, but will, in a proper case, direct an accounting, and do equity in the case by making parties account for rents, etc.

When a bill is filed for a partition of realty, the Court should not decree a sale except in those cases where a partition would manifestly be injurious to the interests of the cotenants.

Under our statute, if any one or more of the cotenants files an affidavit showing that a sale of an entire mining claim would be injurious to him or them, the Court must proceed to divide the claim as prescribed by statute. A sworn answer setting up the same matter is equivalent to the affidavit required by the statute.

Whether one tenant in common of a mining claim will be allowed compensation for labor or money expended on the common property in developing it—*quere?* If such compensation is to be allowed, it must be for work done on the common property.

It could not be allowed for developments made on an adjoining claim, which incidentally enhanced the value of the common property.

APPEAL from the District Court of the First Judicial District, Storey County, Hon. RICHARD RISING, presiding.

The facts are stated in the opinion.

*Hillyer & Whitman,* for Appellant.

Mining claims in this State are regulated by statute, and a division of a mining claim can only be effected in the manner pointed out by statute.

In Statutes of 1861, p. 434, under the statute the Court could not order a sale.

A proceeding for partition is an equity proceeding, although regulated by statute.

A Court of equity will not permit litigation by piecemeal. (5 Cal. 114.)

The Court should therefore have permitted appellants to make proof of their expenditures in developing the mine.

If the suit was not strictly an equitable proceeding in its inception, equitable matters were set up in the answer which should have been adjudicated. (For the rules on this point see *Coffin* v. *Heath,* 6 Metc. 80 ; 7 Dana, 177 ; *Hitchcock and Wife* v. *Skinner et al.;* Hoff. Ch. 21 ; Storey's Eq. Vol. 2, Sec. 1236, p. 462.)

*Wood & Hillyer,* for Respondent.

The statute provides for sale *or* partition of real property. This proceeding was for a sale of the property. Mines are real property, and like any other real property may be sold under the provisions of Section 661. Section 707 only provides for a partition, but does not take away the right to apply for a sale under the sixty-first section. Section 708 shows that a petition for sale of mines was contemplated by the draughtsmen of the statute. That redress could not be had under the provisions of Section 708, which only relates to the mode of partitions. The right of one tenant in common to claim a partition or sale was a common law right, and when the statute prescribes one mode of enforcing that right, it does not exclude others heretofore existing.

Dall v. The Confidence Silver Mining Company.

The new mode is only cumulative. (1 Van Santvoord's Pleadings, 304; 1 Storey's Eq. J., title Partition.)

The parties are found to be tenants in common ; and it is further found that partition cannot be made without serious injury to one of the parties. In such case, a sale would seem to be absolutely necessary.

The appellant had no right to contribution for expenditures. A tenant in common may lawfully occupy the common property so long as he does not exclude his cotenant. If he expends money and labor, the profit, if any, inures to his own benefit. If he loses money by his operations, it is his own loss. (*Pico* v. *Columbet*, 12 Cal. 414; 16 Cal. 471.)

A tenant in common may compel his cotenant to contribute to repairs necessary to preserve the property, but before he can enforce contribution, he must show the necessity for these repairs. (4 Kent's Com. 370.)

Opinion by LEWIS, J., BEATTY, C. J., and JOHNSON, J., concurring.

This is a proceeding under the statute concerning the partition of real property, the plaintiff seeking by his bill a sale of a mining claim consisting of twenty-five feet of ground in Gold Hill, owned by himself and the defendant as tenants in common. After the usual allegations in this character of proceeding, the bill concludes as follows : " And plaintiff further avers that he is desirous that a partition of said premises should be had, and the interest held by plaintiff and defendant be divided between them according to their respective rights ; but plaintiff avers that said premises are so situated that a partition thereof cannot be made without great prejudice to the owners, to wit : to plaintiff and defendant, and that for the protection of the rights of the plaintiff and defendant it will be necessary that said premises be sold." The defendant in its answer meets this allegation of the complaint in the following manner : " Now comes the defendant and answering unto plaintiff's complaint denies that the premises described in said complaint are so situated that a partition thereof cannot be made without great prejudice to the plaintiff and defendant as by the plaintiff alleged.

It further denies that for the protection of their interests it will be necessary that the said premises be sold, but avers that for all purposes of mining with convenience, twelve and one-half feet of ground can be worked with as much facility as twenty-five feet ; that the defendant is a corporation formed for mining purposes, and hath issued its certificates of stock for the number of feet in its claim, including its undivided half of the ground described by plaintiff's complaint ; that to sell said ground would create confusion in the affairs of the company and seriously depreciate its stock, so that it shows to the Court that it would be contrary to equity and good conscience to sell said premises."

Then follows an allegation to the effect that the defendant has expended a large sum of money in developing the mine ; that by the money so expended the plaintiff's interest in the mine had been enhanced in value ; that by the labor of the defendant the mine has been developed, and that plaintiff though knowing of such labor and expenditure, interposed no objection thereto. Upon these facts an accounting is prayed for, and it is asked that the plaintiff be decreed to pay his equitable proportion of the expense incurred in such development.

At the trial the plaintiff's witnesses testified in substance that twelve and one-half feet of mining ground in Gold Hill could not be mined to advantage, and it did not afford sufficient room for the erection of the necessary buildings ; that twenty-five feet (the extent of the entire claim) could be worked more cheaply, and advantageously, and securely than twelve and one-half feet ; that a mine consisting of but twelve and one-half feet could only be worked through the adjoining claims, and that one working such mine would be entirely dependent upon the owners of the adjoining mines for the means of taking the ores from it. This is substantially all the evidence introduced by the plaintiff.

The substance of the defendant's evidence on this point is, that twenty-five feet of mining ground could be worked and developed with no more safety or profit than twelve and one-half feet. The only object of this testimony was to show that no controlling necessity existed for ordering a sale of the entire mine. Upon this point therefore, there is a conflict in the testimony presented by

the respective parties. The defendant further offered to prove that it had expended a large sum of money in attempting the development of the mine; that such expenditure had been greatly in excess of the receipts, and that the development so made by the defendant had greatly enhanced the value of the mine. This testimony was offered for the purpose of obtaining an accounting, but was ruled out by the Court below and an exception taken by the appellant.

The Court found as facts established in the case " that the parties to this action, plaintiff and defendant, are seized of and entitled to the mining property and quartz ledge mentioned in the complaint in this action, as tenants in common thereof in fee simple, each owning an equal undivided one-half of the same." " That there are no liens nor incumbrances upon the said premises or any part thereof, either by mortgage, judgment, or otherwise; that the said property is so situated that a partition thereof cannot be made without great prejudice to the plaintiff, one of the owners thereof." Upon these facts a decree was rendered directing the sale of the entire mine in one parcel, at public auction, to the highest bidder.

From this decree and from the order refusing a new trial the defendant appeals to this Court. Though partition had its origin in the Common Law Courts, it is a subject over which the Courts of Equity assume almost exclusive jurisdiction; and in disposing of the cases for partition the equities of the respective parties growing out of their ownership of the property as tenants in common or otherwise are taken into consideration, and disposed of upon the broad principles which govern those Courts in the administration of justice. As the law deems it against good morals to compel joint owners to hold a thing in common, a decree of partition may always be insisted on as an absolute right. It is not necessarily founded upon any misconduct of the cotenants or part owners. Hence in decreeing a partition the rights and equities of all the parties are respected, and the partition decreed so as to do the least possible injury to the several owners; and " Courts of Equity," says Mr. Storey, " may, with a view to the more convenient and perfect partition or allotment of the premises, decree a pecuniary compensation to one of the parties for owelty or equality of parti-

tion, so as to prevent any injustice or unavoidable inequality." (Equity Jurisprudence, Sec. 654.)     Again, speaking of cases where one of the parties has laid out large sums of money in improvements on the estate, the author says : " Under such circumstances the money so laid out does not in strictness constitute a lien on the estate ; yet a Court of Equity will not grant a partition without first directing an accounting, and compelling the party applying for partition to make due compensation.   So where one tenant in common has been in the exclusive reception of the rents and profits on a bill for a partition and account, the latter will be decreed."   (Id. Sec. 655.)   And in Section 656 of the same work it is said : " For in all cases of partition a Court of Equity does not act merely in a ministerial character, and in obedience to the call of the parties who have a right to the partition ; but it founds itself upon its general jurisdiction as a Court of Equity, and administers its relief *ex æquo et bono* according to its own notions of general justice and equity between the parties."   Such are the general and just principles governing Courts of Equity in the administration of relief in cases of this character in the absence of statutory regulations.   When the statute prescribes a course to be pursued, that course must doubtless be followed so far as it goes, but beyond it the general principles which we have stated should control the action of the Courts.

In decreeing a sale of the mining ground in this case, the Court below seems to have been guided neither by the letter of the statute, nor by those general principles which usually govern the Courts in the absence of statute.   A sale of the property should never be decreed except when a partition would result in great prejudice to the respective owners.   Such has always been the rule, and Section 708 adopting it declares that " in case of partition of a mining claim any of the tenants in common or joint tenants interested therein may file an affidavit showing to the Court that a sale for cash would be injurious to him, her, or them, the Court shall upon such showing appoint a Commissioner, who shall divide such claim as hereinafter provided for."

The remaining sections describe the manner in which the Commissioner shall proceed, which if correctly followed will, we presume,

usually result in an equitable partition of the property between the respective owners. When no affidavit is made by any of the part owners the Court might perhaps decree a sale for cash of the entire mine ; but when such affidavit is filed, no course can properly be pursued but that prescribed by the statute. The defendant in this case filed a sworn answer, in which it is fully shown to the Court that a sale for cash would be prejudicial to its interests. That such an answer fully meets the requirements of the statute there can scarcely be a doubt. The only object of the law is to require a showing by the party opposing a sale that it would be prejudicial to him. We are not aware .that the law attaches any virtue to an affidavit in the ordinary form, which it does not to a sworn answer. The fact is presented upon the oath of the party wishing to avail himself of it. Whether it be shown by affidavit in the usual form or by an answer properly verified is of no consequence. The Court below should therefore have treated the answer as an affidavit, and pursued the course pointed out by those sections of the statute which have been referred to. This Court cannot know how the answer was treated by the parties or the Court below. It is found in the record before us, and in our judgment it answers all the purposes of an affidavit in the ordinary form.

But it is claimed by counsel that as the statute gives no new right, but only furnishes a new remedy, it is not necessary strictly to follow the mode of procedure prescribed by it.

In answer to this position, it is only necessary to refer to the language of Section 708, already alluded to, which, by a fair construction, prohibits a decree for cash when any one of the part owners files an affidavit showing to the Court that such a sale would be injurious to him. When the affidavit is filed, the tenant making it has a right to insist that the partition shall be made as the statute directs. When no objection is made, the Court might decree a sale ; but as the law regards the rights of all the interested parties alike, if any of them object to such sale and show in the manner pointed out that it would be prejudicial to them, the statute has marked out a course to be pursued which will doubtless, in a majority of cases, result in an equitable division of the property ; and as the language of the statute is mandatory, declaring that " the Court shall upon

35

such showing appoint a Commissioner," etc., no other course can properly be pursued. The Court therefore erred in decreeing a sale of the premises.

The appellant also complains that the Court below erred in refusing to allow it to show the amount of money expended by it in developing the mining ground in question, and the value of the improvements placed thereon by it.

We are satisfied from the record, as it is presented to us, that it is unnecessary to determine the general question as to whether compensation will be allowed for developments made or improvements placed on a mine by one tenant in common; because the record in this case shows that the only developments made or work done by the defendant were upon the adjoining claim, which belongs to the defendant exclusively.

However much the developments on that mine might enhance the value of the premises in question, it was only incidental, and therefore the plaintiff could not be held to be responsible for any money expended in such work or development. Had the work been done upon the twenty-five feet of which a partition is here sought, a different and very difficult question would present itself. Hence, all evidence tending to prove the extent of the developments on the defendant's adjoining claim, or the amount of money expended in making such developments, was properly ruled out.

Unless therefore there be developments made or improvements put upon the twenty-five feet in question, the Court below will proceed to divide the mine in the manner pointed out by statute.