[No. 15743.   Department One.—April 3, 1895.]

JAMES S. JAMESON, APPELLANT, v. ALVINZA AND CHARITY HAYWARD, RESPONDENTS, AND GEORGE BROWN, APPELLANT.

PARTITION — COTENANCY IN ESTATE FOR YEARS — SALE OF REVERSION OWNED BY ONE DEFENDANT.—In an action for a partition between tenants in common of an estate for years the court may refuse to order a sale of the reversion, of which one of the defendants is the sole owner.

ID.—NATURE OF ACTION—EQUITABLE JURISDICTION.—While in this state an action for partition is statutory, the powers conferred upon the courts by the statute are substantially those formerly exercised by the chancery courts in pursuit of the same object, and the methods employed by our code are, in the main, but a reflex of those pursued under the former equity practice, and the equities of the respective parties growing out of their ownership in the property, as tenants in common or otherwise, are taken into consideration and disposed of upon the broad principle which should govern courts of equity in the administration of justice.

ID.—MERGER OF ESTATE FOR YEARS IN FEE—SEPARATION IN EQUITY.— Equity will prevent or permit a merger, as will best subserve the purposes of justice and the actual and just intent of the parties, and, in the absence of an expression of intention, if the interest of the person in whom the several estates have united would be best subserved by keeping them separate, the intent to do so will ordinarily be implied; and in an action for partition the interest of a tenant in common in an estate for years, which is subject to the partition, will not be held to have been merged in the reversion owned by the same person.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*E. G. Knapp, W. H. Chapman,* and *William B. Sharp,* for Appellant.

At common law the right to a partition was limited, and the right to compel a sale for the purpose of partition was unknown. (*Mussey* v. *Sanborn,* 15 Mass. 155.) Under the modern law, however, the action has become the most effective method of determining, establishing, and settling the title. (*Weston* v. *Stoddard,* 137 N. Y. 119; 33 Am. St. Rep. 697; *Martin* v. *Walker,* 58 Cal. 595.)   Under our code reversioners may have a partition.   The action settles and tries the interest of all persons in the land and not alone in the interest held in common. (Code Civ. Proc., secs. 752, 787; *Martin* v. *Walker, supra; Hancock* v. *Lopez,* 53 Cal. 371.   See, also, *Savage* v. *Savage,* 19 Or. 112; 20 Am. St. Rep. 795; *Mc-Queen* v. *Turner,* 91 Ala. 273; *Brevoort* v. *Brevoort,* 70 N. Y. 136; *Jenkins* v. *Fahey,* 73 N. Y. 355; *Sullivan* v. *Sullivan,* 66 N. Y. 37–40; *Shaw* v. *Beers,* 84 Ind. 528; *Swain* v. *Hardin,* 64 Ind. 85; *Longlois* v. *Longlois,* 48 Ind. 60; *Hobson* v. *Sherwood,* 4 Beav. 184; Freeman on Partnership, sec. 549; *Striker* v. *Mott,* 2 Paige, 387; 22 Am. Dec. 646; *Jackson* v. *Edwards,* 7 Paige, 386; *Robinson* v. *McGregor,* 16 Barb. 531; *Dinckle* v. *Timrod,* 1 Desaus. Eq. 109; *Burgess* v. *Eastham,* 3 Bush, 476.)   By the purchase and conveyance to Whipple the estate for years at once merged in the remainder in fee, since which Whipple and his successor, Hayward, owned nine-tenths of the property in fee simple absolute. (3 Preston on Abstracts of Title, 13; 4 Kent's Commentaries, 99, 100; 2 Blackstone's Commentaries, 177; see *Shelton* v. *Hadlock,* 62 Conn. 143, 153; Williams on Real Property, 6th ed., 249, 414; 3 Preston on Conveyancing, 7, 89; Tiedeman on Real Property, sec. 198.)

*Estee & Miller,* for Respondents.

There can be no merger here, because there is not, as the law of merger requires, two estates in the same

property which have vested in the same person. (15 Am. & Eng. Ency. of Law, 314; 2 Blackstone's Commentaries, 177; Bouvier's Law Dictionary; Wharton's Law Dictionary; Abbott's Law Dictionary; *Nicholson* v. *Halsey,* 1 Johns. Ch. 417; *Brandon* v. *Brandon,* 31 L. J. Ch. 47.) The action of partition under our code is an equitable proceeding. (*Gates* v. *Salmon,* 35 Cal. 577; 95 Am. Dec. 139; *Goodale* v. *15th Dist. Court,* 56 Cal. 26; *Lorenz* v. *Jacobs,* 59 Cal. 262; *Emeric* v. *Alvarado,* 64 Cal. 619.) Merger is not favored in equity, and is never allowed, unless for special reasons and to promote the intention of the party. (4 Kent's Commentaries, 102; *Smith* v. *Holbrook,* 1 Sheld. 474; *Andrus* v. *Vreeland,* 29 N. J. Eq. 394; *Dougherty* v. *Jack,* 5 Watts, 456; 30 Am. Dec. 335; *Rumpp* v. *Gerkens,* 59 Cal. 501.) With respect to merger no inflexible rule can be formulated. The question depends in each case upon the interests and intent of the parties, and the demands of justice and equity. (*Franklyn* v. *Hayward,* 61 How. Pr. 43; *Sheldon* v. *Edwards,* 35 N. Y. 279; *Wilcox* v. *Davis,* 4 Minn. 197; *Cleft* v. *White,* 15 Barb. 70; *Ætna Life Ins. Co.* v. *Corn,* 89 Ill. 170; *Rumpp* v. *Gerkens, supra; Forbes* v. *Moffatt,* 18 Ves. 384; *Carpentier* v. *Brenham,* 40 Cal. 235; 1 Jones on Mortgages, c. 20, pt. 1, on "Merger and Subrogation," secs. 848–850; *Scrivner* v. *Dietz,* 84 Cal. 298.) Notwithstanding the technical rule of law, equity will prevent or permit a merger, as will best subserve the purposes of justice, and the actual and just intention of the parties. (15 Am. & Eng. Ency. of Law, 314; *McClain* v. *Sullivan,* 85 Ind. 174; *Fowler* v. *Fay,* 62 Ill. 375; *Smith* v. *Holbrook,* 1 Sheld. 474; *Andrus* v. *Vreeland, supra; Watson* v. *Dundee etc. Co.,* 12 Or. 474.) And, in the absence of intention, or an expression of an intention, if the interest of the person in whom the several estates have united, as shown from all the circumstances, would be best subserved by keeping them separate, the intent will ordinarily be implied. (15 Am. & Eng. Ency. of Law, 314; *Watson* v. *Dundee etc. Co., supra; Fowler* v. *Fay, supra.*)

SEARLS, C.—This is an action for the partition of three fifty-vara water lots in the city and county of San Francisco.

The court found that the plaintiff was the owner of an undivided tenth of an estate for years, viz., an estate for ninety-nine years, from March 16, 1851, in and to two of the three lots; that defendant George Brown is the owner of an undivided tenth interest of an estate for years, viz., an estate for ninety-nine years, in the third lot; that the defendant Alvinza Hayward is the owner of the remaining nine-tenths of said estate for ninety-nine years in all of the three lots, and is also the owner of the whole of the remainder or reversion, after the termination of said estate for ninety-nine years.

The court further found that actual partition could not be made of said property without great prejudice to the owners thereof, and ordered a sale to be made of the ninety-nine years' estate.

At the trial plaintiff introduced evidence tending to show the relative values of the said estate for years and the reversion, and also as to the value of both titles, and testimony tending to show that the two, if sold separately, would realize less than if sold together.

Testimony was also offered and rejected by the court tending to show that it would be prejudicial to the interests of the parties to sell the title for years without ordering a sale of the reversionary interest.

Plaintiff and defendant Brown thereupon requested and moved the court to ascertain and settle the proportionate value of the future right and interest claimed by the defendant Hayward in said land, which the court refused to do, and the plaintiff and defendant Brown then and there excepted to such refusal by the court.

The appeal by plaintiff is from the interlocutory judgment and decree determining the rights of the parties and from an order denying his motion for a new trial. Defendant Brown appeals from the same decree only.

By stipulation of the parties the two appeals are brought up on the same record. The sole question

involved in these appeals is this: Did the court beiow err in ordering a sale of the estate for ninety-nine years in the land in which all the parties were tenants in common, and in refusing to order a sale of the reversion of which defendant Hayward is the sole owner? The contention of appellants is that a sale of both the common property of all the parties and the exclusive interest or property of Hayward should have been decreed.

Section 752 of the Code of Civil Procedure reads as follows: "When several cotenants hold and are in possession of real property as parceners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property or a part thereof, if it appear that a partition cannot be made without great prejudice to the owners."

It will be observed from the foregoing section that in this state it is only the cotenants mentioned who *hold and are in possession* of real estate who can bring the action for partition, and it is only that real property which is thus held by them that can be partitioned. In some of the states their statutes are broad enough to include the holders of nearly every estate which can exist in lands as proper parties plaintiff in this statutory action. It is the cotenancy which gives the right to a partition. Several persons together may own a thing without being cotenants thereof, and in such a case, under a statute like our own, no partition can be had. (*McConnell* v. *Kibbe*, 43 Ill. 12; 92 Am. Dec. 93; Freeman on Partition, sec. 431.)

It was the evils and inconveniences of cotenancy which gave rise to the writ of partition in the English courts, and it was to avoid these detriments to full and complete enjoyment of realty that statutes have been created to enforce partition.

This court has gone to great length in upholding the

right of a tenant in common to maintain the action
where he had a right to the present possession, although
not in actual possession. (*Martin* v. *Walker*, 58 Cal.
590; *De Uprey* v. *De Uprey*, 27 Cal. 329; 87 Am. Dec.
81; *Morenhout* v. *Higuera*, 32 Cal. 290; *Hancock* v. *Lopez*, 53 Cal. 371.) *Martin* v. *Walker*, *supra*, has been
followed by other decisions, and is the settled law of
this state upon the question involved.    It does not,
however, go to the extent of holding that any person
having an estate in land, but not holding as a coparcener, joint tenant, or tenant in common, can maintain
an action for partition.    It has often been said by the
courts that the first inquiry in an action for partition is,
Is there such a cotenancy established as warrants the
action?    This question answered in the affirmative, the
court must than determine the rights of the parties to
the action, so far as it can be done.

The power of the court, in case a sale becomes necessary, is not greater, nor its discretion to be exercised
different, than in cases where a partition is made.    It
would, we think, hardly be contended in this case that,
if the court had ordered a partition of the rights of the
parties to the property as tenants for years, that it
would have been incumbent on it, or even proper, to
have awarded to either plaintiff or defendant Brown
any share or interest with Hayward in the reversion.
It is hard to comprehend how it becomes any more
proper to do so in the case of a sale.

To trace the history of proceedings for partition from
an early period in the jurisprudence of England to the
present time, both at law and in equity, and to note
the growth and development of the action, would consume much space, and be productive of but little good.
It is sufficient to say that while in this state the action
is statutory, still the powers conferred upon courts by
the statute are substantially those formerly exercised
by the chancery courts in pursuit of the same object,
and the methods employed by our code are, in the main,
but a reflex of those pursued under the former equity

practice. It is equitable practice prescribed by law. Under it property may be divided in whole or in part. Compensation may be required of one for the greater value which he receives over that awarded to another.

The statute evidently contemplates that a given estate or interest in the property may be sold, and the residue not sold. Section 755 of the Code of Civil Procedure, which prescribes the manner of sale and the notice to be given, provides as follows: "The notice must state the terms of sale, and, if the property or any part of it is to be sold subject to a prior estate, charge, or lien, that must be stated in the notice."

The estate for years, in which all the parties have an interest, has nearly half a century to run. Plaintiff and defendant Brown have no interest, legal or equitable, in the reversion, and no reason is perceived why a court, proceeding upon equitable principles, should enforce, at their request, the sale of the reversionary interest which does not concern them. But it is said that, when the estate for years and the reversion vested in defendant Hayward, there was a merger, and that, as to him, the estate for years has ceased to exist.

In *Dall* v. *Confidence etc. M. Co.*, 3 Nev. 535, 93 Am. Dec. 419, the court, by Beatty, C. J., said: "Though partition had its origin in the common-law courts, it is a subject over which the courts of equity assume almost exclusive jurisdiction, and, in disposing of the cases for partition, the equities of the respective parties growing out of their ownership of the property, as tenants in common or otherwise, are taken into consideration, and disposed of upon the broad principles which govern its courts in the administration of justice."

In consonance with these principles equity will prevent or permit a merger, as will best subserve the purposes of justice, and the actual and just intent of the parties. (*McClain* v. *Sullivan*, 85 Ind. 174; *Fowler* v. *Fay*, 62 Ill. 375; *Andrus* v. *Vreeland*, 29 N. J. Eq. 474; *Watson* v. *Dundee etc. Co.*, 12 Or. 474.) In other words, equity is not guided by rules of law as to merger. (*Rumpp*

v. *Gerkens,* 59 Cal. 496; *Bailey* v. *Richardson,* 66 Cal. 416.)

In the absence of an expression of intention, if the interest of the person in whom the several estates have united, as shown from all the circumstances, would be best subserved by keeping them separate, the intent so to do will ordinarily be implied. Such is the rule enunciated in the cases cited *supra.*

It needs but little argument to show that the interests of Hayward would be jeopardized by the sale of an interest in land vested in him, but which cannot be enjoyed by the purchaser for forty-five years; and, as no corresponding benefit is discernible to any of the parties, the court below did not err in refusing to order a sale of the reversionary interest of defendant Hayward, or in rejecting the mere opinions of witnesses in proffered testimony.

The judgment appealed from by plaintiff and defendant Brown, and the order appealed from by the plaintiff, and each of them, should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from by plaintiff and defendant Brown, and the order appealed from by the plaintiff, and each of them, is affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.

Hearing in Bank denied.