[L. A. No. 6845. In Bank.—September 14, 1922.]

AGLAE S. CAPUCCIO, Plaintiff and Respondent, *v.* ARTHUR J. CAIRE et al., Defendants and Appellants; EDMUND A. ROSSI, Defendant and Respondent.

[1] CORPORATIONS — FORFEITURE OF CHARTER — PAYMENT OF DEBTS — PARTITION OF REAL PROPERTY—RIGHT OF STOCKHOLDER.—A stockholder of a corporation which had forfeited its charter for nonpayment of its license tax at a time when the law did not provide for the revivor of forfeited charters, and who did not consent to an attempted revivor under the statutory method subsequently provided for such cases, is entitled under section 752 of the Code of Civil Procedure, after all claims and demands against the defunct corporation have been paid, to institute and maintain an action for the partition of the real property of the corporation as between himself and the other stockholders.

[2] ID.—STATUTE OF LIMITATIONS—INAPPLICABILITY TO ACTION.—Subdivision 3 of section 341 of the Code of Civil Procedure requiring actions to set aside any action taken or performed by a majority of the trustees of a dissolved corporation to be brought within six months, is not applicable to an action by a stockholder to partition the real property of a defunct corporation, after payment of all its claims and demands, where the charter of the corporation was forfeited for nonpayment of its license tax at a time when the law did not provide for revivor, and such stockholder did not consent to the attempted revivor under the statu-

tory method subsequently provided for revivor of forfeited charters.

[3] Id.—Pendency of Suit in Equity—Accounting—Effect of.— An action by a stockholder of a defunct corporation to partition the real property of the corporation as between himself and the other stockholders is not barred by the pendency of a suit in equity for an accounting and determination of the rights and interests of the stockholders in the real and personal property of the corporation.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. F. Bluxome and Frank P. Deering for Appellants.

D. Freidenrich, Ambrose Gherini and Orrin K. McMurray for Respondents.

RICHARDS, J., *pro tem.*—This action was instituted by the plaintiff for the partition of the lands of Santa Cruz island, situate off the coast of the county of Santa Barbara, and consisting of about fifty-eight thousand eight hundred acres of land, of which the plaintiff alleged that she and the defendants were tenants in common. The facts as set forth in the complaint and as found by the trial court may be briefly summarized as follows: Prior to the year 1911 the said Santa Cruz island was owned and possessed by a corporation known as the "Santa Cruz Island Company," the capital stock of which was divided into one hundred shares, of which the plaintiff herein was the owner and holder of seven shares, and of which remaining shares the defendants herein were the several owners and holders in various proportions. The license tax of said corporation due to the state of California for the year 1911 was not paid, as a result of which the charter of said corporation was forfeited to the state of California on the thirtieth day of November, 1911. At the date of said forfeiture the plaintiff, Aglae S. Capuccio, and the defendants, Arthur J. Caire, Fred F. Caire, Albina C. S. Caire and Delphine A. Caire, constituted and were the directors of said corporation, and, under the provisions of the law then obtaining with relation to the properties and affairs

of corporations whose charters had been forfeited, became
the trustees of said defunct corporation for the purpose
of the liquidation of its affairs; at the time of the for-
feiture of the charter of said corporation there was no
provision of law for the revivor or rehabilitation of cor-
porations whose charters had been thus forfeited, but by
the amendment of the statute in 1913 (Stats. 1913, p. 680)
a method was provided for the revivor of the charters of
corporations which had theretofore been or which might
thereafter be forfeited; and in accordance with the method
thus provided the said trustees of said corporation under-
took to meet and take the necessary steps for the revivor of
said corporation. Four of the five trustees, owning seventy-
nine of the one hundred shares of the stock in the corpo-
ration, were present at such meeting and acted unani-
mously in taking the requisite steps to revive the corporate
charter, but the plaintiff herein was not present at
such meeting and did not consent thereto, and it is not
claimed that by any act or omission on her part she has
ever consented to the revivor of said corporation or to any
other of the subsequent acts of said revived corporation
or the trustees or directors thereof in attempting to deal
with the property owned by said corporation at the date
of the forfeiture of its said charter. Immediately after
the attempted revivor of said corporation the trustees who
had sought to accomplish the same turned over all of the
assets of the theretofore defunct corporation in their hands,
including the real estate in question herein, to the revived
corporation, and the latter has ever since been in the pos-
session and use thereof. In the month of January, 1917,
a meeting was called of the trustees of the formerly de-
funct corporation, at which a resolution was attempted to
be adopted confirming the title of the revived corporation
to the real estate in question and authorizing a convey-
ance thereof by said trustees to said corporation; and, in
accordance with said resolution, the four of said trustees
who had been present and adopted the same joined in a
conveyance purporting to convey the whole of said real
estate to said revived corporation. The plaintiff herein,
however, although notified of such meeting, did not at-
tend the same, nor join in the execution of said convey-
ance, but on the contrary expressly protested against the

action taken at said meeting and the execution of said conveyance pursuant thereto.

In the meantime there had been several actions instituted and proceedings taken which have an important bearing upon the present litigation. In the year 1912, one Edmund A. Rossi, to whom had been transferred the interest of his mother, Amelia A. Rossi, in said corporation and the properties thereof, commenced an action in the superior court of the city and county of San Francisco against the former directors and then trustees of said corporation to obtain a judgment directing the distribution of certain moneys in the hands of said trustees among the stockholders of the defunct corporation, and also directing the sale of the real estate and personal property thereof, and the like distribution of the proceeds among said stockholders in the proportions of their several interests in said defunct corporation. The plaintiff herein was joined with the other trustees of said corporation as a defendant in said action, but, upon being brought into court, joined interests with the plaintiff therein as against her cotrustees. Upon the issues framed in said action the trial court made and entered an interlocutory judgment declaring that the charter of the corporation had been forfeited on November 30, 1911; that the then directors thereof had thereby become trustees of said defunct corporation and its stockholders, charged with the duty of liquidating its affairs and distributing among its stockholders their respective interests in its property after the payment of its debts. This decree directed the trustees to apply the money on hand to the settlement of the claims of creditors and to render an account of the same. While this was in process of being accomplished the plaintiff in that action applied to the court for, and was granted, an order requiring the trustees to distribute to the plaintiff and other stockholders the surplus funds in their hands and also to sell the real estate and personal property of the corporation in their possession, at public auction, and similarly distribute the proceeds arising from said sales. An appeal to this court was taken from this latter order and also from the order of the trial court refusing to vacate its interlocutory judgment and grant a new trial. Upon the determination of these appeals this court held that the

title to the properties of a corporation prior to its dissolution through the forfeiture of its charter was wholly vested in the corporation, and that the directors of such corporation did not, by virtue of their office, hold or possess any title to, or any interest in, the property of the corporation; that the statute providing for the forfeiture of the charters of corporations, while it provided that the former directors thereof should become trustees of the corporation and its stockholders, did not purport to invest such trustees with any title to the property formerly belonging to such corporation, but merely with the temporary right of possession thereof for the purpose of settling its corporate affairs; and that the title to the property of such corporation belonged, upon the forfeiture of its charter, to the persons who were its stockholders when it ceased to be a corporation, citing *Havemeyer* v. *Superior Court*, 84 Cal. 362 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121].

This court, however, further held that it was not a necessary part of the statutory duty of the trustees to find a buyer for, or to sell the lands of the corporation, otherwise than might be necessary to settle its corporate affairs, and that if they had money enough on hand to pay all debts and expenses and if all other corporate affairs were disposed of, it would be no breach of their duty to deliver the possession of the land to the stockholders as tenants in common according to their interests therein; and that in the case before it the evidence did not sufficiently show any such breach of duty on the part of the trustees of said corporation in the course of the liquidation of its affairs as would serve to justify the making of the orders appealed from; it accordingly reversed the case. (*Rossi* v. *Caire*, 174 Cal. 74 [161 Pac. 1161].)

The decision of the above-entitled cause was handed down by this court on December 16, 1916. Thereafter, and on August 28, 1917, the said Edmund A. Rossi commenced another action in the superior court of the city and county of San Francisco against the same defendants as trustees of said corporation and also individually, to obtain an accounting and distribution, according to their respective interests, to the stockholders of said corporation of the property owned by the corporation at the time of the for-

feiture of its charter and of the proceeds thereof in the hands of the defendants as such trustees. The plaintiff in the present action was also made a defendant in that action both individually and as such trustee, and, upon appearing therein, joined with the plaintiff in seeking a like relief. The other defendants interposed a plea of the statute of limitations, alleging the action to be barred by subdivision 3 of section 341 of the Code of Civil Procedure as amended July 27, 1917 [Stats. 1917, p. 381], and which, as thus amended, provided that an action "to set aside or invalidate any action taken or performed by a majority of the trustees of any corporation heretofore or hereafter dissolved by operation of law including the revivor of any such corporation," would be barred unless brought within six months. This court declined to give application of the foregoing code amendment to that case for the reason that a reasonable time had not elapsed between the adoption of said amendment and the institution of that action. The defendants, other than the plaintiff herein, interposed as a further defense to said action the facts above set forth showing the attempted rehabilitation of the corporation under the act of 1913, averring that the corporation had been restored to life thereby and had since been functioning as a corporation and that the entire interests of the former stockholders had been thereby vested in said revived corporation. The trial court adopted this view and denied both the plaintiff in that action and the plaintiff in this action, who was a defendant therein, the relief which they each had sought. They united in prosecuting an appeal to this court and thus the question as to the rights of a stockholder in and to his share of the properties of a defunct corporation, who had not consented to its revivor, was squarely presented for determination. Dealing with the precise facts presented in the present case this court said: "It is plain, in view of our decisions, that upon the death of this corporation without any existing provision of law for its rehabilitation, the corporation could no longer have any interest in the property, and those who were its stockholders at the time of its death were immediately vested with the right to have its affairs settled by the trustees designated by the statute for that purpose and the property remaining after such settlement distributed among them

according to their respective interests. Such former stockholders immediately became the beneficiaries of a statutory trust created solely for that purpose. The former stockholders either had the equitable title to the property of the former corporation, subject to the charge in favor of the creditors to be enforced by the former directors as trustees for that purpose; or they had a legal title in such property subject to a power in the trustees to dispose of so much thereof as was necessary to pay the creditors." The court then proceeded with a discussion of the effect of the subsequent legislation providing for the revivor of corporations whose charters had been forfeited prior to the enactment of such legislation, holding that the legislature, under the warranty of the constitutional provision relating to the remission of forfeitures, had power to enact such retroactive legislation. The court then preceeds to say: "We are forced to the conclusion, however, that so construing the rehabilitation provision here involved, its enforcement against a non-consenting former stockholder who diligently asserted his rights, would be an impairment of a vested right in property prohibited by both state and federal constitutions. In this regard the very able argument of learned counsel for respondents to our minds fails to give sufficient force to certain facts which, in view of our decisions, must be conceded, and which appear to us to make the question a very simple one. We are not dealing here with an unenforced penalty. The judgment of death pronounced by the law on this corporation had been carried into effect. The corporation was dead, and had died without any existing provision of law for its revivification. Taking, for the purpose of this decision, the view most favorable to respondent, the legal title to the property of the former corporation had wholly vested in the trustees designated by the statute for the purposes of the trust declared by the statute, which were solely the liquidation of the affairs of the corporation and the distribution of the property remaining among the former stockholders. Subject to the expenses of the trustees and the payment of creditors, the former stockholders were the sole beneficiaries and the absolute owners in equity of the property. Under all of the definitions this was certainly a vested property right. It cannot matter why such penalty of forfeiture of

charter was imposed and enforced, or what the obligation to each other of the former stockholders would have been had such penalty not been enforced. The status with relation to the property had been created, and the terms of the trust upon which it was held defined. We do not see how it can be held that the rights of former stockholders under the trust defined by the statute, the right subject to the payment of the former corporation debts and expenses of liquidation, to have the property distributed among them, was not a vested property right secure against impairment by subsequent act of the legislature.'' The court, in accordance with these views, reversed the judgment and order of the trial court and remanded the cause for further proceedings therein. (*Rossi* v. *Caire,* 186 Cal. 544 [199 Pac. 1042].)

While the above-entitled action was pending in the trial court or on appeal the plaintiff herein commenced the present · action for partition of the lands and premises of said corporation known as Santa Cruz island. In her complaint herein she set forth at length the facts hereinbefore recited, relating to the forfeiture and subsequently attempted revivor of said corporation. She further expressly averred that the trustees of said defunct corporation, upon its attempted revivor, had divested themselves as trustees of all of its properties and effects and had transferred the entire possession and control thereof to said revived corporation, which had, ever since said acts, been in the full possession and control thereof.

The plaintiff further averred that ''all debts of said dissolved corporation and all claims and demands against it have long since been paid, satisfied and discharged.'' The defendants upon their appearance did not deny these averments, but, on the contrary, expressly affirmed the same in their pleadings, alleging that their transfer of the possession and ownership of all of the property and effects of said former defunct corporation to the revived corporation was so far complete as to invest the latter with the full title to all of said properties and effects to the exclusion of the plaintiff and all of the other stockholders from all ownership and interest therein, other than as stockholders of and in the revived corporation.

The defendants did not deny the plaintiff's averment that all of the debts, claims and demands against said corporation had been paid and satisfied, but contented themselves with the averment that there were certain unsatisfied and outstanding credits belonging to said corporation. The defendants further pleaded, by way of both demurrer and answer, that plaintiff's alleged cause of action was barred by the provisions of subdivision 3 of section 341 of the Code of Civil Procedure. Upon the issues as thus presented the trial court made its findings of fact and conclusions of law, wherein it found that the charter of said corporation had become forfeited as alleged in the plaintiff's complaint and that the trustees thereof, as alleged by plaintiff, had taken steps for the revivor of said corporation provided for in the subsequent acts of the legislature permitting such revivor as specifically set forth in the defendants' answer, but that the plaintiff, as one of the trustees thereof and also as a stockholder therein, had never consented to such revivor. The court further found that immediately after the issuance by the secretary of state of the certificate showing the rehabilitation of the corporate existence of said corporation as a result of such action on the part of a portion of its trustees on August 28, 1913, the four trustees who had taken such steps resulting in the issuance of such certificate had delivered all of the assets of the corporation and the possession of all of its properties to said revived corporation, which had ever since been in the use and possession thereof. The court further found that no action had ever been commenced to set aside or invalidate the revival of said corporation, nor to invalidate or set aside the action taken by the said majority of the said trustees of said corporation. The court further found that out of the assets of the property of said corporation, other than its real estate, all debts of the said corporation had been paid. Finally the court found that by the forfeiture of the charter of said corporation the stockholders thereof had become tenants in common of the real property thereof subject to the payment of its debts, and that at the time of the commencement of this action the plaintiff herein and the defendant Edmund A. Rossi herein were cotenants in the ownership of said property with the other defendants herein, and held and possessed the same as such tenants

in common in the respective proportions of their former interests and holdings as stockholders of said corporation prior to the forfeiture of its charter; and that the real property in question herein was susceptible of partition among the parties respectively entitled thereto as such tenants in common, and that such partition should be made among them according to their said several interests therein.

As conclusions of law from the foregoing findings of fact the trial court repeated its finding as to the respective rights, interests and ownerships of the said parties as tenants in common of said property, and directed the entry of an interlocutory decree for the partition thereof among them according to their respective interests therein. From the interlocutory decree accordingly entered the appellants herein have prosecuted this appeal. They have also appealed from an order subsequently made and entered by the trial court refusing to vacate and set aside said decree, but since said order is in substance on order denying a new trial, the appeal therefrom is not permissible and is therefore dismissed.

[1] The first contention of the appellants herein is that on the 16th of May, 1918, the date of the commencement of this action, the plaintiff herein was neither in possession, nor had the right of possession, of the real property described in her complaint, or of any portion thereof, and hence could not maintain this action under the express terms of section 752 of the Code of Civil Procedure as it read at the date of the commencement of the action. The appellants cite, in support of their said contentions, the cases of *Jameson* v. *Hayward,* 106 Cal. 682 [46 Am. St. Rep. 268, 39 Pac. 1078], and *Geary* v. *DeEspinosa,* 51 Cal. App. 52 [196 Pac. 90]. As to the first of these cases it may be said that the construction which had long theretofore been placed on the language of section 752 of the Code of Civil Procedure was fully recognized and adopted to the effect that a party entitled to the present possession of an undivided interest in real estate, though not in the actual possession thereof, was entitled to commence and maintain an action in partition. (*Jameson* v. *Hayward, supra,* pages 686, 687, and cases cited.) As to the second of the cases above cited it simply reaffirms the doctrine and construction enunciated in the former case. The question,

then, is whether at the time of the institution of the present action the plaintiff was either in possession or had the right of present possession of the premises sought to be partitioned, or of any portion thereof. This question must, we think, be answered in the affirmative as to the plaintiff's present right of possession of her interest in said premises at the time of the institution of this action. In the case of *Rossi* v. *Caire,* 174 Cal. 74 [161 Pac. 1161], it was, as we have seen, definitely decided that upon the dissolution of a corporation through forfeiture of its charter under then existing laws, the corporation became no longer capable of holding title or the possession of property, and that its former property belonged to the persons who were its stockholders at the time it ceased to be a corporation, subject only to the right of possession in its trustees for the purpose of settling the corporate affairs; and that if such trustees "had money to pay all debts and expenses and other corporate affairs were disposed of, they might deliver the possession of the land to the stockholders as tenants in common to do with it what they pleased."

In the second case of *Rossi* v. *Caire,* 186 Cal. 544 [199 Pac. 1042], much discussion was indulged in in the briefs of the respondents upon that appeal as to the correctness of the statement in the former case that upon the forfeiture of its charter the title to the property of the corporation vested in the stockholders subject to the claims of creditors and the expenses of liquidation and to the right of possession in the trustees for the purposes of such liquidation, it being claimed by the respondents that the title to the property vested in such trustees. The court declined to discuss or decide this controversy in that case, but assuming, purely for the purpose of the decision, that the position of the respondents was well grounded in this regard, held that it would nevertheless remain true that the former directors would hold the title simply as trustees for the purpose of their statutory trust with the former stockholders as the sole beneficiaries, subject to the claims of creditors. The court in this connection said: "The former stockholders either had the equitable title to the property of the former corporation subject to a charge in favor of the creditors to be enforced by the former directors or trustees for that purpose, or they had the legal title to such prop-

erty subject to a power in the trustees to dispose of so much thereof as was necessary to pay the creditors''; but the court went much farther in the decision of that case in its determination of matters germane to the matter before us, since the court therein held that under the law as it then existed, providing for the forfeiture of the charters of corporations for the nonpayment of their license taxes, but not providing for their subsequent revivor, the rights of the stockholders, whether legal or equitable, in the property of such defunct corporations was a vested right which could not be injuriously affected by any attempt at the revivor of such corporations under the terms of later legislation undertaken without their consent. These matters having been thus determined, it would necessarily follow that the vested right of these nonconsenting stockholders to their interest in the property of this corporation would not only have been unaffected by any action on the part of any number of the trustees of said corporation looking to its revivor or to the delivery of possession of any or all of the property of the defunct to the revived corporation, but that such vested right, whether legal or equitable, to the ownership and to the possession of their said interests in such property would become absolute when the statutory trust of the former directors or trustees of the dead corporation had been fulfilled and when there no longer existed any debts, claims or demands against said corporation which would require the further possession or right of disposition thereof in the trustees in order to make satisfaction; in the instant case it affirmatively appears that at the time of the institution of this action all claims and demands against the defunct corporation had long since been satisfied and discharged out of the money or personal property thereof in the hands of its trustees, and that as to the real property in question here there no longer existed any right or duty in said trustees under or by virtue of their statutory trust affecting said real property, and hence that these respondents, as the legal or equitable owners of their respective interests in said real property, were entitled to the possession thereof. They were, therefore, entitled to institute and maintain this action for the partition of said real property as between themselves and the other co-owners thereof. (*Watson* v. *Sutro,* 86 Cal. 500 [24 Pac. 172, 25 Pac. 64]; *Luco* v.

*DeToro,* 91 Cal. 422 [18 Pac. 866, 27 Pac. 1082]; *Varni* v. *Devoto,* 10 Cal. App. 304 [101 Pac. 934].) This conclusion is in nowise affected by the fact that the appellants herein had undertaken as early as 1913 to turn over the possession of the properties of the former corporation to the recently revived corporation, or by the fact that in the year 1917 they had also undertaken to convey the real property which is the subject of the present action to the revived corporation. Neither of said acts on the part of said appellants, assuming that they had any validity, could have done more than to invest the corporation, which they had sought to revive, with whatever rights they possessed or had power to deal with, but not with any vested right which the respondents had then become and have since remained invested with. The effect, if any, upon the status of the parties to the present action would only be that of placing the said revived corporation in the shoes of the appellants as co-owners with the respondents in the property in question. We think, however, that on the dissolution of the corporation the legal title to the corporate real estate became vested in the several stockholders according to their then interests in the stock.

[2] The appellants' next contention is that this action is barred by the provisions of subdivision 3 of section 341 of the Code of Civil Procedure, requiring certain actions to be brought within six months. Said subdivision of said section reads as follows: ''To set aside or invalidate any action taken or performed by a majority of the trustees of any corporation heretofore or hereafter dissolved by operation of law including the revivor of any such corporation.'' The difficulty with this contention is that the present action is not such an action as is contemplated by the aforesaid amendment to the Code of Civil Procedure. It is an action for the partition of certain real property of which the plaintiff became the legal or equitable owner of an undivided interest in the year 1911, and of which interest she had remained invested up to the time of the institution of this action. As to such interest she was entirely unaffected by any action undertaken by the appellants herein as trustees of the former corporation from which her said interest had been derived, since she had never consented to such action (*Rossi* v. *Caire, supra*). There had, therefore,

been no action taken or performed by the appellants as trustees of said former corporation, whether looking to the revivor of said corporation or the possession, control or ownership of its properties, which was valid as affecting her interests, or which it required any action or proceeding on her part to have set aside. Not being required or obliged to bring any such action or proceeding she could not be barred from the institution or maintenance of her action for partition because she had not done so; she was simply in the position of any other owner of an undivided interest in real property seeking to have the said property divided between herself and her co-owners thereof through the medium of an action for partition, and her equal right to maintain such an action could not be taken away by any statute purporting to require her to seek to have set aside or invalidated some preceeding on the part of other persons to which she had in no manner consented and by which her vested property rights were in nowise affected, and in the legality or illegality of which she had no concern.

[3] The final contention of the appellants is that the plaintiff ought not to have been permitted to maintain the present action by reason of the pendency of another action at the time of its institution, to which she was a party and to which the appellants herein and also her corespondent Rossi herein were also parties, and which, according to the appellants' contention, involved the same properties and the same cause of action as are involved in the present action. The appellants refer to the second case of *Rossi* v. *Caire, supra,* which appears to have been pending in the superior court of the city and county of San Francisco at the time of the commencement of the present action. It may be noted upon the threshold of this contention that such an objection or defense against the institution and maintenance of the present action would be in the nature of a plea in abatement, which, being a dilatory plea, must, under well-settled rules of procedure, be specially pleaded. The transcript before us contains nothing to indicate that such a plea was ever presented by the defendants in this action to the trial court in any pleading. Not having been so presented it would have been waived under well-settled rules regarding dilatory pleas. The appellants, however, assert in their brief that they did in fact apply to the

superior court of the county of Santa Barbara, in which the present action was begun and was pending, for leave to file a supplemental answer setting up this defense in January, 1920, about a year and a half after the commencement of the present action and when it was about to proceed to trial upon the pleadings and issues long since presented; and that the court denied their said motion. We cannot say, upon such a meager and quite irregular suggestion, that it was an abuse of discretion for the trial court to have refused to permit the making of such a belated defense; but aside from this it does not appear from the state of the record before us in the cases of *Rossi* v. *Caire, supra,* and of the present appeal, that such a defense was ever available to these appellants. The action of *Rossi* v. *Caire* instituted in the city and county of San Francisco on August 28, 1917, by a plaintiff other than this plaintiff was not an action for partition of the real property involved in the present suit. Had it been such an action it could not have been maintained in a county other than that in which said property was situated (Code Civ. Proc., sec. 392). It did not purport to seek a partition of real estate, but was simply a suit in equity, involving both real and personal property and requiring an accounting and determination of the rights and interests of the parties to said action therein; one of the essential parties to the present action, namely, Santa Cruz Island Company, which the appellants claim has succeeded to all of the rights and interests of the respondents and also of all of the other parties to the present action, was not a party to the action in *Rossi* v. *Caire, supra,* and hence could not be bound by any judgment rendered therein. Enough has been said to show that these two actions did not involve the same cause of action, the same properties, the same remedies or the same parties, and hence that the pending of the one would not have been a sufficient defense against the institution and maintenance of the other.

We perceive no errors in the record upon this appeal. The judgment is affirmed.

Shaw, C. J., Lennon, J., Waste, J., and Lawlor, J., concurred.

MYERS, J., *pro tem.*, dissenting.—I dissent.

I dissent from the judgment and from that portion of the opinion which holds that the action is not barred by the statute of limitations. (Code Civ. Proc., sec. 341, subd. 3.)

I agree with the opinion that the right of the plaintiff to maintain this action in partition is necessarily predicated on her present right to the possession of the property involved. Her claim of present right to possession is in turn necessarily predicated upon the claim that the "action taken or performed by a majority of the trustees," in August, 1913, whereby they surrendered the possession of the property to the revived corporation, was *invalid.* Therefore I think that this action is one to "invalidate the action taken by a majority of the trustees," and comes within the terms of the statute.

The plaintiff recognized this, and in her complaint she alleges the *invalidity* of this transfer. She also recognized that this statute is applicable and sought to avoid it by alleging that this transfer was *fraudulently* made; but the trial court found against her on that issue. She also sought to avoid the statute by alleging that she had no knowledge of this transfer until April, 1918, but the trial court made no finding on this issue. The trial court expressly found that the said transfer was made by the trustees "in violation of their duties as trustees." This was in effect a finding that said transfer was *invalid.*

With respect to the question of the applicability of this statute of limitations, the case of *Rossi* v. *Caire,* 186 Cal. 544 [199 Pac. 1042], is precisely analogous to the instant case. That was an action against the director trustees for an accounting and distribution of the assets. In order to maintain that action it was necessary to hold that the plaintiff was entitled to the present possession of those assets (just as it is necessary here to hold that the plaintiff is entitled to the present possession of the real property). That action was, therefore, an indirect attack upon the *validity* of the transfer made by the trustees in August, 1913, just as this action is an indirect attack upon the validity of the same action taken and performed by the same trustees.

The decision of this court in that case holds that this statute is applicable to that case, but holds also that the

plaintiff therein was relieved from the operation of the statute because of the fact that he commenced his action within a reasonable time (one month) after the taking effect of the statute. Applying the same rule to this case wherein the action was not commenced until ten months after the statute took effect, we should hold that it is barred.

The effect of this decision, together with the two which preceded it in the Rossi cases, is that all corporations which forfeited their charters prior to 1913, and thereafter revived them, became thereby divested of all their property and assets. As a matter of substantive law, they could reacquire such title only by means of conveyances from all of their stockholders. In the case of corporations having a large number of stockholders this would be a practical impossibility. I presume that it was to meet this very situation that this statute of limitations was enacted, to operate as a statute of repose and to afford a practical means by which the property of a revived corporation would, in effect, become revested in it, after the lapse of six months, unless some action should be instituted in the meantime. The strict and narrow construction adopted in the main opinion has the effect of nullifying the statute to the extent that it might afford a practical remedy for the unfortunate situation above referred to.

This court has frequently declared that "statutes of limitation are vital to the welfare of society, and are favored in the law." It seems to me proper that this one, at least, should be liberally construed with a view to make effective the evident purpose thereof.

Rehearing denied.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.