[Civ. No. 44879. Second Dist., Div. One. Apr. 23, 1975.]

GEORGE YUKIO AKAGI, Plaintiff and Appellant, v.
RIICHI ISHIOKA, Defendant and Respondent.

**COUNSEL**

Lyle C. Ellis for Plaintiff and Appellant.

Alef & Schnitzer and Martin J. Schnitzer for Defendant and Respondent.

## Opinion

## HANSON, J.—

### The Case

The plaintiff (appellant herein) filed a first amended complaint containing two counts. The defendant (respondent herein) attacked each count separately by general demurrer for failure to state a cause of action. The court below sustained the demurrer to the first count with leave to amend and overruled the demurrer to the second count. The plaintiff voluntarily dismissed his second count[1] and refused to amend his first count. The trial court, on defendant's motion, ordered dismissal of the plaintiff's action as to the defendant. The plaintiff has appealed from the judgment (order) of dismissal.

### The Issue

The sole issue on appeal is whether, under section 752 of the Code of Civil Procedure, the plaintiff (remainderman owning a vested interest) may have partition as against defendant (owning a life estate) in real property.

The trial court held that, under the circumstances, no partition was provided for by section 752.

### The Facts

The plaintiff's pleading describes three parcels of real property all situated in Los Angeles, California. It is alleged that "Plaintiff owns a fee title to the subject property and defendant RIICHI ISHIOKA holds a life estate to same." It alleged that "Plaintiff desires a partition of the subject property according to the respective rights of plaintiff and defendant." It further alleged that "An equitable partition of the whole property is impracticable and a sale of the property and a subsequent division of the proceeds of said sale in proportion to the respective interests of both Plaintiff and Defendant will be in the best interest of both Plaintiff and Defendant."

---

[1]While this is stated in appellant's brief, it did not appear in the clerk's transcript on appeal. On our own motion, we have augmented the record by having the superior court file brought before us for consideration. That file supports the stated fact.

There is no claim made that the defendant violated any duty owed by a life estate owner (see Civ. Code, §§ 818 and 840) or that plaintiff had any rights based on other than that above summarized and quoted from plaintiff's pleading. In short, plaintiff seeks only partition of the real properties by sale and division of proceeds. He bases his claim solely upon the fact that he is owner of the remainder and defendant is owner of the life estate in the subject real property.

## THE LAW

"In this state partition of real property is a special statutory proceeding available only under circumstances authorized by Code of Civil Procedure section 752. [Fn. omitted.] The action may be maintained only by a person having the interest described by statute. (*Ryer* v. *Fletcher Ryer Co.*, 126 Cal. 482, 483 [58 P. 908]; *Jacquemart* v. *Jacquemart*, 142 Cal.App.2d 794, 796 [229 P.2d 281]; *Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599, 603 [218 P.2d 144].)" (*Powers* v. *Powers*, 221 Cal.App.2d 746, 748 [1] [34 Cal.Rptr. 835].)

Section 752 delineates those persons and only those persons who may maintain an action for partition of real property.

The section was based on the Practice Act, section 264 (Stats. 1851, ch. 4, p. 93), and after intervening amendments, was enacted in 1872 as section 752 of the Code of Civil Procedure. As so enacted, it provided: "When several cotenants hold and are in possession of real property as parceners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners."

This language was considered in *Jameson* v. *Hayward*, 106 Cal. 682, 686-687 [39 P. 1078]. The court pointed out that at least two things were required, (1) hold and possess; and (2) cotenancy interest. As to the second of these, it was held "it is only the cotenants mentioned . . . who can bring the action for partition, and it is only that real property which is thus held by them that can be partitioned. . . . It is the cotenancy which gives the right to a partition. Several persons together may own a thing without being cotenants thereof, and in such a case, under a statute like

our own, no partition can be had." (P. 686.) This was further explained by the court (p. 687): ". . . It [*Martin* v. *Walker*, 58 Cal. 590] does not, however, go to the extent of holding that any person having an estate in land, but not holding as a coparcener, joint tenant, or tenant in common, can maintain an action for partition. It has often been said by the courts that the first inquiry in an action for partition is, Is there such a cotenancy established as warrants the action?"

In 1919, section 752 was amended by substituting "When several cotenants own real property as joint tenants, or tenants in common" for "When several cotenants hold and are in possession of real property as parceners, joint tenants, or tenants in common" at the beginning of the section. Under the amendment, while the requirement of "hold," i.e., own, was retained and "possession" was eliminated, there was no change in the requirement of cotenancy interest as the latter was discussed in *Jameson* v. *Hayward, supra,* 106 Cal. at pages 686-687. The statute, as amended in 1919, was presented for consideration in *Geary* v. *de Espinosa,* 51 Cal.App. 52, 54 [196 P. 90]. (See also *Skulich* v. *Skulich,* 213 Cal. 653, 654 [3 P.2d 12].) In *Geary,* plaintiff and 15 defendants were remaindermen tenants in common of real property in which Josefa Boronda de Espinosa was owner of a life estate. The trial court held that since plaintiff was not entitled to possession he could not maintain the action for partition. In reversing, the appellate court held (51 Cal.App. at pp. 55-56): "We are of the opinion that it is now the rule in this state that actual possession, or a right of actual or immediate possession, is no longer necessary in order to enable a cotenant to maintain an action in partition, if he otherwise falls within the provisions of section 752 of the Code of Civil Procedure, as it now reads. [Citations.] Clearly, under the decisions above noted the plaintiff is entitled to maintain this action against all the other holders of remainder interests in the real property. It is unnecessary for us to further consider the question whether or not the action will lie against the defendant Josefa Boronda de Espinosa, owner of the life estate, which is raised by some of the authorities [citation], for she joined in the prayer of the plaintiff and certain of the other defendants that the real property be partitioned in conformity with the interests of the respective parties. It is certain, of course, that the decree in the partition suit can in nowise affect her rights. Furthermore, there is no necessity for disturbing the interest of Mrs. Espinosa, for there can be an actual partition, as between the reversioners, by each taking his share in severalty, subject to her life estate, or the whole may be sold subject to her interest. [Citation.]"

Section 752 next was amended in 1927 and then lastly in 1943. So far as here concerned, the 1943 amendment made no change in language applicable to this case. We quote the section in its present language:[2] "When several cotenants own real property as joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, or when real property is subject to a life estate with remainder over, an action may be brought by one or more of such persons, or, where property is subject to a life estate with remainder over, by the life tenant, or where real property is subject to a lien on a parity with that on which the owner's title is based, by the owner or by the holder of such lien, for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition can not be made without great prejudice to the parties."

As presently worded, section 752 creates three general classes of persons who are permitted to bring an action for partition of real property:

1. "When several cotenants own real property as joint tenants, or tenants in common, . . . an action [for partition thereof] may be brought by one or more of such persons" where there is in existence the intervening matters prescribed in the omitted portion. This first part of the section requires cotenancy to exist. This portion of the section remains governed by *Jameson* v. *Hayward, supra,* from which we repeat (106 Cal. at p. 686): "[I]t is only the cotenants mentioned . . . who can bring the action for partition, and it is only that real property which is thus held by them that can be partitioned. . . . It is the cotenancy which gives the right to a partition. Several persons together may own a thing without being cotenants thereof, and in such a case, under [provisions of the statute relating to the class of plaintiffs being considered], no partition can be had."

2. A second class permitted to bring an action for partition is stated to be, "where property is subject to a life estate with remainder over, by the life tenant," and in the absence of meeting this requirement no such action may be brought based upon this portion of the statute.

---

[2]The 1943 amendment (1) added "or where real property is subject to a lien on a parity with that on which the owner's title is based, by the owner or holder of such lien"; and (2) substituted "parties" for "owners" at the end of the section.

3. The remaining class permitted to bring an action for partition is stated to be, "where real property is subject to a lien on a parity with that on which the owner's title is based, by the owner or by the holder of such lien," upon the basis of which no such action may be brought in the absence of meeting this stated requirement.

In the case at bench, plaintiff nowhere claims to be a cotenant or a life tenant or to come within the lien provisions of the statute. He fails to meet any one of the three classes.

Plaintiff argues that under *Cunningham* v. *Frymire*, 160 Cal.App.2d 726, 730 [325 P.2d 555], he is entitled to partition. In that case, plaintiff Ruby owned an undivided one-third interest in the real property and was a cotenant. Clearly, she was entitled to have partition, being a member of the first class provided for by the statute. Neither her undivided one-third interest nor Benjamin's undivided one-third interest was subject to any other interest. It is true that the remaining undivided one-third interest was subject to a life interest in Goldsmith. However, this would not remove plaintiff Ruby from the class of a cotenant entitled to partition. That is not the situation in the case at bench.

*Estate of Giacomelos*, 192 Cal.App.2d 244 [13 Cal.Rptr. 245, 91 A.L.R.2d 956], involved proceeds from condemnation under eminent domain proceedings by the state regarding real property which had been distributed pursuant to probate of a will to Ann for life with remainder to a bank as trustee for decedent's surviving children. The bank petitioned the probate court which directed that a certain amount be given Ann as the value of her life interest and the balance be held as testamentary trustee. The appellate court held (p. 248): ". . . The investment by a trustee of the entire proceeds of the sale and the payment of the income therefrom to appellant [Ann] for life would be carrying out the desire of the testator more nearly than giving her merely the present value of her life estate in cash." (This is stated to be the view of the majority of courts which have considered that question. See, e.g., *United States* v. *403.15 Acres of Land, etc., State of Tenn.* (M.D.Tenn. 1970) 316 F.Supp. 655, 658.) That is not the problem presented in this appeal but the holding there made tends to support the trial court's determination here under consideration.

By dicta in *Estate of Giacomelos, supra,* 192 Cal.App.2d at page 247, it was said: ". . . We see no reason why, in such a [probate] court, the life

tenant in a compulsory sale should not be entitled to the same rights as in a partition sale. In fact, she should be entitled to greater consideration, for a partition of property in which there is a life estate cannot be had without the consent of the life tenant, thus giving the life tenant the control of whether there can be a partition sale, whereas in a compulsory sale she has no control whatever."

### CONCLUSION

We hold that in the absence of special statutory authorization, a remainderman has no right of action for partition against a life tenant. (68 C.J.S., Partition, § 58, p. 90.) As hereinbefore discussed, section 752 of the Code of Civil Procedure carefully prescribes the situations under which partition may be had and the precise class of persons permitted to bring the action. The plaintiff is not among those persons.

A life estate with remainder over in real property frequently is created by will or deed and the obvious intent or desire of the creator is to provide haven and, in some instances, income to the life tenant for life without interference. That intent or desire would be destroyed were the remainderman allowed to force partition against the life tenant. We do not believe that section 752 was intended to permit this to be done. Of course, a different situation is presented where the life tenant seeks partition or acquiesces or joins in the partition. But no such situation here is presented.

The judgment (order) is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.